## HOUGHTON *v.* PATTEE & *a.*

The question, whether the amount of a bond is a penalty or liquidated damages, is a question of the intention of the parties, to be determined, like a question of fact, by the weight of competent evidence, and not by any technical rule of construction.

BILL IN EQUITY, for the redemption of mortgaged land. Facts found by a referee. The defendants gave B. their note for $4,000, part of the price of land conveyed by B. to H., and H. gave the defendants a bond of $4,000, to be void if H. should expend $40,000 in building a hotel upon the land within a certain time, and a mortgage of the land to secure the bond. The time expired several years ago, and H. has not performed any considerable part of the condition of the bond. The note, bond, mortgage, and other writings, were parts of one transaction. The amount due on the mortgage is in controversy.

*Barnard*, for the plaintiff.

*Sargent & Chase*, for the defendants.

DOE, C. J. If the intention of the parties, proved by competent evidence, was that the amount of the bond was liquidated damages, it was liquidated damages; if they intended it to be a penalty, it was a penalty. The bond, and other contemporaneous writings of the parties, parts of the same transaction, and relating to the same subject-matter, are the evidence of their intention. While the construction of the bond is matter of law for the court, and not matter of fact for the referee, it is to be determined, like a question of fact, by the weight of the competent evidence contained in the bond and other writings, and not by any technical rule of law. LADD, J., in *Rice v. Society*, 56 N. H. 191, 197, 198, 203. The difficulty of ascertaining the amount of the defendants' damage, caused by the plaintiff's not building himself a hotel on his own land, might be sufficient, in the absence of other evidence, to show an intent to fix the amount in the bond. *Chamberlain* v. *Bagley*, 11 N. H. 234; *Brewster* v. *Edgerly*, 13 N. H. 275; *Mead* v. *Wheeler*, 13 N. H. 351; *Blaisdell* v. *Blaisdell*, 14 N. H. 78; *Philbrick* v. *Buxton*, 40 N. H. 384; *Davis* v. *Gillett*, 52 N. H. 126; *Noyes* v. *Phillips*, 60 N. Y. 408; 2 Greenl. Ev., ss. 257, 258, 259; Sedgwick on Damages, *c.* 16; 12 Am. Law Rev. 286. All the writings, considered together, show a gift of $4,000 made by the defendants to H., to be repaid to them if he did not perform the condition of the bond (*Chase* v. *Allen*, 13 Gray 42), and prove that the parties intended to make $4,000 the amount of liquidated damages.

*Case discharged.*

STANLEY, J., did not sit.