MORSE & a. v. MORSE & a.

The question of construction, whether a mortgage conveys the whole of a
tract of land or only half of it, in common and undivided, is a question of
the intention of the parties, to be determined, like a question of fact, by
the weight of competent evidence, and not by any technical rule of con-
struction.

BILL IN EQUITY, to foreclose a mortgage made to the plaintiffs by V.
M.. the father of the defendants. Facts found by the court.

The plaintiff and V. M., being owners of a tract of land as tenants
in common,—the plaintiffs of one half, and V. M. of the other half,—
the plaintiffs sold and conveyed their interest to V. M., and at the
same time, and as part of the same transaction, took from him the
mortgage to secure the payment of the price. The deed was dated
April 24, 1857, and was of the plaintiffs' interest in the land described
by metes and bounds. The mortgage was of " a certain tract of land,

being the same premises conveyed to me by" the plaintiffs, " by their deed April 24, 1857, reference to said deed being had for a more particular description."

The court reserved the question whether the mortgage was of the whole land, or of the half conveyed by the plaintiffs to the mortgagor.

*Marston*, for the plaintiffs.

*Bartlett*, for the defendants.

STANLEY, J. In the construction of written instruments, the inquiry is, What was the intention of the person executing the instrument to be construed? That inquiry is to be answered, like a question of fact, by the weight of competent evidence. No technical rules of construction applicable to all cases can be established. The intention in each case must be determined by the evidence bearing on the question. *Rice* v. *Society*, 56 N. H. 191, 198, 203; *Houghton* v. *Pattee*, 58 N. H. 326.

" A certain tract of land, being the same premises conveyed to me," was intended, we think, as a description of the tract described in the deed referred to, and not of the interest conveyed by that deed. The mortgagor, by that expression, intended to say, I mortgage to you a tract of land having the same boundaries as the tract described in the deed referred to. The language used might mean " a certain tract. being an undivided half of said tract, and being the same conveyed to me;" but the mortgagor then owned the whole of the tract described, and there is no evidence tending to show any reason why he should limit the mortgage to one half rather than the other, or why he should mortgage one half rather than the whole, or why he did not say half if half was meant; and in the absence of such evidence we cannot infer that he intended thus to limit it. The conclusion is, that the mortgage is of the whole land.

*Case discharged.*

BINGHAM, J., did not sit.