### CRAM *v.* CRAM & a.

A will, giving to the wife of the testator all his household furniture and the use for life of certain portions of the dwelling-house occupied by them, also the " use of a horse and carriage whenever she desires, and a liberal support from the income of the farm," does not entitle her to support from the income at any other place.

BILL IN EQUITY, for the support of the plaintiff from the income of a farm in Hampton Falls, under the will of Nehemiah P.

Cram, deceased. The defendant Frank P. Cram is residuary lega-
tee, and the executor of said will. The defendants Mason and Rob-
inson hold mortgages of the farm in question, given them by Frank
P. Cram after the death of the testator. The court, at the trial
term, found a legacy given to the plaintiff for her support a charge
upon the land, and decreed that a trustee be appointed to take pos-
session of the farm and manage the same, and from the net income
give the plaintiff a liberal support for the remainder of her life.
The defendants excepted.

*Wiggin & Fuller*, for the plaintiff. That the legacy for support;
was a charge on the land is clear, and is admitted by the defendant:
Cram's counsel in their brief; but they seek to graft upon this pro-
vision a condition that the widow shall forfeit all its benefits if she.
shall at any time cease to reside on the farm. No such condition is.
found in the will, nor is it fairly inferable from the fact that the will,.
after giving the widow a life estate in certain rooms in the house,
provides that the attic, stairs, hallways, &c., shall " be used as now
in common " with those who may occupy the other rooms in the
house. In this respect the will in question is remarkably like that
in *Wiggin* v. *Wiggin*, yet there it was held that the allowance was.
not forfeited by leaving the farm. *Wiggin* v. *Wiggin*, 43 N. H. 561.

This construction is strengthened by the codicil, giving the
widow an additional $400 if she should seem to need it. For, as;
the will already provided for her all that she could reasonably need.
while staying on the farm, why this added provision unless the
testator contemplated the possibility of her choosing to live else--
where, where her expenses might well be greater?

That the widow may not, by removing to a more expensive place,.
unreasonably increase the burden on the defendant Cram and on;
the farm, we concede. But so long as the sum she demands for·
her support while living with her daughter does not exceed what.
her support on the farm would cost, Cram has no cause to·
complain; and the testator's intention to provide "liberally" (ac-
cording to his means) for his wife's support can best be accom-
plished by allowing her to spend her invalid old age with her
daughter, whose society is more congenial, and who is in every way
better qualified than the son to perform the sick-bed services ren--
dered necessary by the peculiar malady from which the widow·
suffers.

*Leavitt & Knight*, for the defendant Cram. The legacy for sup--
port is a charge upon the land only when, and so long as, the
plaintiff resides there. Cram is not chargeable with her sup--
port elsewhere than on the farm. Such was the testator's evident.
intention. The rooms, etc., were "to be used as now in common;"
the support was to be derived from the "income" (not the pro--
ceeds of a sale) of the farm. Had the bequest been of a cash an--

nuity, or a certain annual quantity of grain, wood, vegetables, etc., for her support, a construction which would allow her to enjoy it elsewhere would be well enough; but such a construction in this case would be "injurious to the defendant and inconsistent with the will." *Wiggin* v. *Wiggin*, 43 N. H. 561.

The intention of the testator as to the measure of "a liberal support" not being fixed in terms by the will, must be determined by his circumstances and the general tenor of his bequests. He intended a benefit to the defendant Cram as well as to the plaintiff. The support was to be such as is ordinarily enjoyed in the country by the wives of farmers in comfortable circumstances. Such support might well have been afforded both the plaintiff and Cram on a farm worth $4,000, and such was the testator's manifest intention and expectation. But the whole property would soon be consumed if it were burdened with the "liberal support" of a woman living wherever and however it suited her pleasure or caprice. The plaintiff, by her absence from the farm, has waived her right to a support from the income thereof. *Holmes* v. *Fisher*, 13 N. H. 9.

STANLEY, J. The plaintiff asks for her support from the income of the farm of her deceased husband, and bases her claim upon the second item in his will, which is as follows: "I give and bequeath to my beloved wife Martha T. Cram all my household furniture, also the use of the rooms in the house we now occupy viz. kitchen, meal-room and pantry, dining-room and east parlor, the attic stairs, hallways, cellar and back part and cistern, to be used as now in common, to hold the same to her for and during the term of her natural life; also she is to have the use of a horse and carriage whenever she desires and a liberal support from the income of the farm; at her decease the portion of the house above mentioned is to go to my son Frank P. Cram, his heirs and assigns." By a subsequent provision, Frank P. Cram is made residuary legatee.

The plaintiff's claim is, that the liberal support provided for her is a charge upon the land, and that she is entitled to it wherever she may be. The validity of these claims is determined by the testator's intention as expressed in the will and codicil, and this intention is to be determined as a question of fact by the natural weight of competent evidence. *Rice* v. *Society*, 56 N. H. 191, 197, 198, 203; *Houghton* v. *Pattee*, 58 N. H. 326; *Morse* v. *Morse*, 58 N. H. 391; *Brown* v. *Bartlett*, 58 N. H. 511; *Wilkins* v. *Ordway*, 59 N. H. 378.

We think it was the intention of the testator that the liberal support provided for his wife should be a charge upon the land. The son took the residue of the estate after the payment of the legacies, and the estate thereby became subject to their payment. This made them a charge upon the land. *Piper* v. *Piper*, 2 N. H. 439; *Wallace* v. *Wallace*, 23 N. H. 149; *Clough* v. *Elliott*, 23 N. H. 182.

The testator gives the plaintiff certain portions of the house, the

4*

same as he and she were then occupying, and all the household furniture, for and during her natural life, showing by this provision his understanding that she was to remain at the old home. In the same clause he gives her the use of a horse and carriage whenever she desires. It was not his intention to require the son to pay for a horse and carriage wherever she might be and whenever she should desire it. The testator owned and occupied a farm. Doubtless he had kept a horse, and he and the plaintiff had been accustomed to use it for their comfort and convenience as they chose; and having given the farm to his son, and expecting him to remain upon it, as he was then living there with his parents, he also expected him to provide for his mother as she had been provided for, and that she would have the use of a horse and carriage as she had been accustomed to have it. The bequest of the household furniture and certain parts of the house for life confirms the view that the testator understood and expected that his wife was to remain with the son upon the farm, and that the furniture was for her use there, and that the liberal support given to her was for her on the farm, and not elsewhere. The idea uppermost in the testator's mind was, that his wife should be supported and cared for at the old home, where his last days were passed, and this idea is made apparent by, on the one hand, giving her certain rights there, and, on the other, requiring the son to support her there. The amount of the bequest is unlimited,—it is of a liberal support; and this is to be determined by the situation, surroundings, health, and needs of the plaintiff, and includes everything necessary for her comfortable support. A liberal support upon the farm might be much less than such a support in Boston, New York, or Winchester. It includes not only the necessary food, but clothing, fuel, and all those things which go to make up comfortable living. Under the view for which the plaintiff contends, if the son's personal care and attention were necessary to the liberal support of the plaintiff, he must go wherever she might chance to be, regardless of the labor or expense. No such intention is apparent from the will; on the contrary, the most natural conclusion is, that the testator intended that the liberal support should be furnished to the plaintiff at the old home, and that if she chose to remove from it without cause, she waived her claim while she remained away. What her rights would be if she should return, we need not now inquire. The case of *Wiggin* v. *Veazey*, 43 N. H. 313, has no application here. In that case the bequest was of a definite number of cords of wood, and there was nothing showing an intention to limit the place of its use. When furnished, it became the property of the legatee, and could be disposed of by her as she saw fit.

Upon the facts found in this case, the bill should be dismissed.

*Exceptions sustained.*

ALLEN, J., did not sit: the others concurred.