## HURD & a. v. DUNSMORE.

Whether the sum stipulated in a bond to be paid by the obligor is a penalty or liquidated damages, is a question of intent to be ascertained from the language of the instrument and such other evidence as is competent to aid in the construction.

The measure of damages for the breach of a contract to buy land is the difference between the value of the land and the agreed price, and such other loss as would be reasonably anticipated by the parties as likely to be caused by the breach.

DEBT, on a bond for the payment of $2,500 on the following conditions:

" Whereas the said obligor has agreed to buy of the said obligee a certain parcel of real estate situated in said Westford [describing it], the same to be conveyed by a good and sufficient warranty deed of the said obligee conveying a good and clear title to the same, subject to a mortgage of eighty-five hundred dollars, and interest thereon from the first day of January, 1882, which mortgage and interest the said obligor agrees to assume, and said obligors agree to make the payment of four hundred dollars due on the mortgage January 1, 1882, and whereas for such deed and conveyance it is agreed that the said obligor shall pay the sum of thirty-five hundred dollars in cash upon the delivery of said deed ; now, therefore, if the said obligor shall, upon tender by the said obligee, of the aforesaid deed, subject to said mortgage, at any time before April 1, 1882, deliver unto the said obligee the said sum of thirty-five hundred dollars, then this obligation shall be void, otherwise it shall remain in full force and virtue."

The execution and breach of the bond were admitted, and the question of damages was tried by the court. The land was more valuable when the bond was broken than when it was given.

*A. S. Wait*, for the plaintiffs.

*I. Colby*, for the defendant.

SMITH, J. Whether the sum mentioned in the bond is to be treated as a penalty or as liquidated damages, is a question to be decided upon a consideration of the whole instrument. It is a question of intent, to be ascertained from the language of the instrument, the nature of the agreement, and from the circumstances of the parties, and not by technical rules of law *(Houghton* v. *Pattee,* 58 N. H. 326) : and looking at the bond in this light, we are of opinion that the parties intended the sum mentioned as a penalty. The penal sum, $2,500, is so disproportioned to the actual damages sustained by the plaintiffs, being five sevenths of the purchase-money for the equity of redemption, that it is scarcely to be supposed the parties intended the sum as liquidated damages. There is no mention in the instrument of liquidated damages; and no intention to regard the penal sum other than as a penalty can be presumed from any uncertainty of the damages caused by the defendant's failure to perform the condition, or from any difficulty of proof. It does not appear that it would be diffi-

cult to show the actual damages resulting from the defendant's failure to perform the condition, and the nature of the injuries caused thereby. The measure of damages ordinarily is the differ- ence between the price fixed in the contract, and the value of the land at the time fixed for the delivery of the deed. *Griswold* v. *Sabin,* 51 N. H. 167, 170; *Laird* v. *Pim,* 7 M. & W. 474; *O. C. R. R.* v. *Evans,* 6 Gray 25; 3 Par. Cont. 231, and notes; Field Dam., *s.* 508 and notes; Wood Mayne Dam., *s.* 243 and notes. The authorities upon this point are now quite uniform, however conflicting they once may have been. The same rule is established in this state in regard to contracts for the sale and delivery of per- sonal property. *Stevens* v. *Lyford,* 7 N. H. 360; *Woodbury* v. *Jones,* 44 N. H. 209; *Gordon* v. *Norris,* 49 N. H. 376; *Haines* v. *Tucker,* 50 N. H. 307, 313; Sedgw. Dam. 260 and cases. As the value of the land was greater than the agreed price at the time of the breach, the plaintiffs can recover nominal damages only, unless they have otherwise suffered actual injury. 3 Par. Cont. 231 (6th ed.).

The measure of damages on a breach of warranty in the sale of personal property, where it remains in the possession of the pur- chaser, is the difference between the value of the property as it would be if the warranty or representation were true, and the actual value at the time of the sale, together with such other dam- ages as would be reasonably anticipated by the parties as likely to be caused by the fraud. *Noyes* v. *Blodgett,* 58 N. H. 502. In *Stark* v. *Lancaster,* 57 N. H. 88, 91, *Cushing,* C. J., cites with approval the general rule laid down in 3 Par. Cont. 178 (6th ed.), " that every defendant shall be held liable for all those conse- quences which might have been foreseen and expected as the result of his conduct, but not for those which he could not have foreseen, and was, therefore, under no moral obligation to take into his con- sideration." See, also, *Gilman* v. *Noyes,* 57 N. H. 627, 629, 630. " The general rule of damages on a failure of the vendee to take the property purchased and pay for the same would be the actual loss sustained by the vendor thereby, which would ordinarily be the difference between the contract price and the actual value of the land at the time of the breach, if the property shall have de- clined in value." Field Dam., *s.* 508. The rule of damages is the same on the failure of the vendee of personal property to take and pay for the same. *Ib., s.* 299.

In *Griffin* v. *Colver,* 16 N. Y. 489, the rule of damages on con- tracts for the sale and delivery of personal property is laid down as follows: " The party injured is entitled to recover all his dam- ages, including gains prevented and losses sustained, and this rule is subject to but two conditions: the damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract,—that is, they must be such as might naturally be expected to follow its violation; and

they must be certain both in their nature and in respect to the cause from which they proceed."

There is no reason why there should be one rule for the assessment of damages arising from the breach of contracts for the sale and delivery of personal property, and another for the sale and conveyance of real estate. "Actions against the vendee of land by the vendor for refusal to complete his contract stand on exactly the same footing as actions for not accepting goods." Wood Mayne Dam., s. 243. "We are inclined to think * * * that the distinction heretofore recognized between contracts made in reference to real estate and personal property is being disregarded. There would seem to be no reason why the same rules of law should not be applicable to each, and the tendency of recent decisions is to place them on the same grounds as to the measure of damages." Field Dam., s. 504.

Whether the plaintiffs have sustained other damages from the defendant's refusal to perform the conditions of his bond, for which they can recover in this suit, depends upon the question whether such damages could have been reasonably anticipated by the parties as likely to be caused by the defendant's breach of the bond, and whether by reasonable care the plaintiffs could have avoided the injuries. Upon this part of the case there must be a new trial; and it will be determined at the trial term, in view of the facts already found, to what extent and upon which of the plaintiffs' claims a further hearing is necessary.

*Case discharged.*

ALLEN J., did not sit: the others concurred.