Strafford, }
June, 1899. }

## SALINGER _&amp; a._ v. SALINGER.

In an action for breach of a contract in restraint of trade, the plaintiff is enti-
tled to recover damages for a loss of profits arising from the defendant's
engagement in business during the term of the contract, and for any injury
to the good-will of the business occasioned by the breach complained of,
but not for a loss of profits accruing after the termination of the contract.

ASSUMPSIT, to recover for breach of a contract in writing not
to engage in the dry-goods business in Rochester for the term
of five years from April 1, 1890. Facts found by the court.
September 10, 1892, the defendant went into the dry-goods busi-
ness in Rochester in violation of his agreement, immediately en-
gaging in a bitter competition with the plaintiffs, cutting prices,
and advertising his opposition to them very extensively, and has
ever since continued so to do. The writ is dated August 3, 1897.
The defendant was defaulted, and the case sent to a referee

for the assessment of damages, whose report was filed September 3, 1898.

At the September term, 1898, the report was recommitted with instructions "to report what, if any, damages were assessed on points to which the defendant took exceptions and claimed was not a legal basis of damages, and report fully the facts on those points." The referee reported as follows: "The de-defendant having no right to go into business until April 1, 1895, the plaintiffs claimed that then, if the defendant remained out of business until that date, their business would have been more firmly established and better known, so that they could have better met the defendant's competition than they were and could do when he went into business on September 10, 1892, and that thereby they suffered damages after April 1, 1895, and down to the date of the writ; and, upon the evidence and circumstances appearing in the case, the referee found the plaintiff's claim to be correct, against the objection of the defendant in arguments, and the referee, in computing the damages, assessed them in accordance with the plaintiffs' claim, but nothing was allowed for damages since the date of the writ."

At the February term, 1895, the defendant requested that the referee "be directed to report the evidence and circumstances upon which he based his award in this behalf." There being no claim of any special ground for damages after April 1, 1895, appearing upon the evidence and circumstances not disclosed by the report, the motion was denied, subject to exception. The defendant then moved to set aside the award for error of law in the assessment.

*Worcester, Gafney & Snow* and *John Kivel,* for the plaintiffs.

*Felker & Gunnison* and *John S. H. Frink,* for the defendant.

WALLACE, J. Under the contract, the plaintiffs were entitled to two things: (1) To have the profits upon such sales as they could make during the term of the contract, without meeting competition by the defendant; (2) to the value of such business as should thus have been established at the termination of the contract. If they have been deprived of any part of either right by the defendant's violation of his agreement, they are to be fully compensated therefor.

The facts show a willful and malicious breach of contract, and the case is one where "the law will not nicely attempt to limit the amount of reparation, but will extend the line of relief so as to embrace all the consequences of the wrong-doer's act, although quite remote from the original transaction." *Dow* v. *Gas Co., ante, p.* 312.

During the term of the contract, each day of the defendant's competition constituted a continuing wrong done to the plaintiffs. Their rights were constantly violated, and in such a way that the ensuing loss of profits must have been contemplated by the parties. The plaintiffs are to be compensated for all such damages, if they are capable of computation. *Hurd* v. *Dunsmore*, 63 N. H. 171, 173, and cases cited; *Crawford* v. *Parsons*, 63 N. H. 438, 444.

That it cannot be demonstrated to a mathematical certainty what profits have or have not come from a certain source of business, is no objection to their recovery. In cases for personal injuries, the loss of earning capacity, both past and prospective, is considered as an element of damage. The proof of such loss should be as certain as that of loss of profits in business; yet when there is evidence that the capacity is lessened, and that the accident was the probable cause thereof, the injured party is given compensation therefor. So in this case, so far as it was proved that the loss of profits during the term of the contract was caused by the defendant's illegal competition, the plaintiffs were to recover. The fact that the finding rested upon probability only, or was made by drawing inferences from circumstantial evidence, would not render it improper. If, upon the evidence as a whole, there was the slightest balance of probability in favor of the plaintiffs, it would be as erroneous to find against them as it would if their claim had been demonstrated to be true.

The agreement contemplated not only that the plaintiffs should reap the profits of the business during the term, but also that at the end of the term they would own the good-will of such business. They had a right to this as well as the profits in the meantime. Its loss was plainly the result of the defendant's wrong-doing, for which he must answer in damages. If during the term the plaintiffs' profits were reduced a certain amount by the defendant's unlawful competition, they should receive that sum for such loss. And if, in addition to that, the good-will of the business at the end of the term was worth a certain amount less than it would have been but for the defendant's illegal act, there is nothing in reason or law to prevent the plaintiffs' recovering this sum also. In no other way can the wrong done be repaired.

The damages are not remote or consequential, either in the sense that they are not the immediate and direct result of the wrongful act complained of, or that they would not have reasonably been anticipated by the parties. *Crawford* v. *Parsons*, *supra*. The rights infringed were all intangible, but they were not the less entitled to protection. The invasion of the plaintiff's property was as real as though the defendant had taken

visible chattels, or turned his cattle to feed in the plaintiffs' pasture. The resulting damages are as direct and immediate as would be the loss of the stolen goods or the wrongfully eaten grass.

But the loss of profits after the termination of the contract cannot be allowed as an element of damages in this case. It cannot be said that, when the contract was made, the parties had in mind that the plaintiffs would continue in business indefinitely. Their contract did not involve rights that might exist after its termination, and so a breach of it cannot be said to infringe such rights. So far as the reasonable anticipation of such profits was an element in the value of the business at the termination of the contract, it should be considered. Evidence of the loss of such profits, which had occurred before the trial and as a result of the defendant's illegal acts, was competent upon the question of the reduced value of the business (good-will) when the contract expired. If there was such evidence, it helped to make certain that which must have been less certain if the case had been tried at an earlier date.

From the language of the report, it seems probable that this is the only sense in which the referee considered the matter of subsequent loss of profits; but as there is some doubt upon that point, if either party desires the case may be recommitted for an assessment in accordance with the views here expressed.

*Case discharged.*

PARSONS, J., did not sit: the others concurred.