Carroll,
March 7, 1911.

## CLARK v. BRITTON, Adm'r.

Where the owner of a gristmill, who also sold grain at retail, agreed with a pur-
chaser of the business not to deal in grain "in any way, form, or manner,"
within a radius of ten miles of the mill, sales of grain by him within the pro-
scribed territory, as traveling salesman for wholesalers, constitute a breach of
the contract.

Where a contract provides for the forfeiture of a specific amount of money in the
event of its breach, the question whether the sum named is a penalty or liqui-
dated damages depends upon the intention of the parties; and the difficulty in
ascertaining the amount of damages in case of a breach is evidence that liqui-
dated damages were intended.

ASSUMPSIT. Trial by jury and verdict for the defendant. Trans-
ferred from the May term, 1910, of the superior court by *Chamber-
lin*, J.

Roscoe M. Flanders, the defendant's intestate, was the owner of
a gristmill and sold grain at retail. August 28, 1903, he sold his
business to the plaintiff and agreed with him in writing as follows:
"In consideration that G. B. Clark has this day purchased my
gristmill at Wolfeboro Falls, it is hereby agreed to and with the said
Clark that I will not in any way, form, or manner deal in grain
within a radius of ten miles of said gristmill for the term of ten
years next ensuing, under forfeiture of the sum of five hundred
dollars." Shortly after the sale, Flanders entered the employ of a
wholesale grain concern as a traveling salesman, and while so
engaged sold to retail dealers within a radius of ten miles of the
gristmill named in the agreement and received the agreed commis-
sion on such sales.

Subject to the plaintiff's exception, the court ruled that Flanders,
by taking orders as a traveling salesman, did not "in any way, form,
or manner deal in grain," within the meaning of those words as
used in the foregoing agreement. Subject to the defendant's
exception, the court ruled that if the plaintiff was entitled to recover,
the measure of his damages was the forfeiture mentioned in the
agreement.

*Felker & Gunnison*, for the plaintiff.

*William J. Britton* and *Leslie P. Snow*, for the defendant.

Young, J. If the intestate sold grain within ten miles of the mill he broke the contract; for selling grain on commission is a form of dealing in grain, if "deal" is given its ordinary meaning. It is improbable that the words "in any way, form, or manner" would have been used if the sole purpose of the parties had been to prevent the intestate from selling grain at retail. These words tend to prove that the intestate was not to engage in any branch of the grain business, either on his own behalf or on behalf of another, and there is nothing to rebut this presumption. Under the rule which is now applied to construe a written agreement, the fact that the agreement is in restraint of trade is immaterial. The issue of intention is one of fact to be determined, like all such questions, not by a rule, but by competent evidence.

Whether the five hundred dollars was intended as a penalty or as liquidated damages depends on the intention of the parties. *Hurd* v. *Dunsmore*, 63 N. H. 171. The difficulty in ascertaining the amount of the plaintiff's damage in case the contract is broken tends to prove that it is liquidated damages (*Houghton* v. *Pattee*, 58 N. H. 326); and if that was not its purpose, it adds nothing to the agreement.

*Plaintiff's exception sustained: defendant's exception overruled.*

All concurred.