Municipal Court of Nashua, }
April 3, 1934.          }

JOHN DURAND *v.* JULIUS COHEN.

*Doyle & Doyle,* for the plaintiff, furnished no brief.

*Bolic A. Degasis,* for the defendant, furnished no brief.

WOODBURY, J.   "If the intention of the parties, proved by competent evidence, was that the amount of the bond was liquidated

damages, it was liquidated damages; if they intended it to be a penalty, it was a penalty. The bond, and other contemporaneous writings of the parties, parts of the same transaction, and relating to the same subject matter, are the evidence of their intention." *Doe*, C. J., in *Houghton* v. *Pattee*, 58 N. H. 326. See also, *Morrill* v. *Weeks*, 70 N. H. 178; *Clark* v. *Britton*, 76 N. H. 64, and cases cited. The finding of the municipal court is clear that it was not the intention of the parties to regard the deposit as liquidated damages, and the fact that the parties called it liquidated damages in the lease does not conclusively establish that this finding is erroneous. *Davis* v. *Gillett*, 52 N. H. 126, 129. Neither the entire lease nor the testimony has been printed as part of the transferred case, and no exception appears to the admission of any evidence. Under these circumstances we must assume that the finding of intention was based upon an adequate amount of competent evidence.

Although it is clear that the parties did not intend the deposit to be liquidated damages, it is not altogether clear whether they intended it as a penalty, or as security deposited with the defendant from which he might deduct his damage in case of violation of the lease. If the latter was the intention of the parties, the judgment below is clearly correct. If the parties intended the deposit as a penalty, the judgment must also be sustained, for in the latter event the obligee is entitled to retain no more than his actual damage. *Davis* v. *Gillett*, *supra*; *Hurd* v. *Dunsmore*, 63 N. H. 171.

*Judgment on the verdict.*

All concurred.