Hillsborough, Apr. 6, 1948. } No. 3715.

STEPHEN T. HOGAN *v.* FERNANDO G. LEBEL *& a.*

*Robert E. Early* and *Paul J. Doyle,* for the plaintiff.

*J. Leonard Sweeney* and *J. Leonard KillKelley,* for the defendants, furnished no brief.

BRANCH, C. J.   The plaintiff bases his claim for relief upon the description in his deed from Stanley F. Hill dated May 10, 1935. "Beginning at the northwest corner of the premises herein conveyed at land now or formerly of Veronica H. Jones; thence easterly by said Harvard Street sixty (60) feet to a stone bound at a passageway; thence southerly by said passageway eighty (80) feet to a stone bound at other land of the Grantor; thence westerly by said other land of the Grantor fifty-three (53) feet to a stone bound at land now or formerly of Blanche M. Coulter; and thence northerly by said Coulter land and said Jones land seventy-seven (77) feet to the stone bound at the place of beginning.

"Together with a right of way to travel over and upon a common passageway upon the easterly side of said premises."

Upon October 3, 1938, the plaintiff's grantor sold the premises east of the plaintiff's property to Henry J. and Eva M. Theriault and the defendant subsequently acquired it from their grantees. The garage in question was on the common passageway when the purchases were made by the plaintiff and the defendants of their respective estates. The date when it was so placed and by whom is not known.

It has often been pointed out that, in this state, the interpretation of any grant, statutory, contractual or testamentary, consists in the ascertainment of intention and that the question of intention is one of fact to be determined upon all the competent evidence available, *Pattee* v. *Chapter*, 86 N. H. 419; *Smith* v. *Furbish*, 68 N. H. 123,134, 135; *Cram* v. *Cram*, 63 N. H. 31, 33; *Burke* v. *Railroad*, 61 N. H. 160, 233; *Brown* v. *Bartlett*, 58 N. H. 511, but "the interpretation of a deed is a question of law in that it is reviewable [by this court] so that a finding of fact by the Trial Court as to the intention of the parties may be disregarded." *Emery* v. *Dana*, 76 N. H. 483; *Smart* v. *Huckins*, 82 N. H. 342, 344.

In the present case, upon an agreed statement of facts, the Trial Court has interpreted the deed to mean that the plaintiff's right to use the common passageway was a right limited by the existence of this building. With this interpretation of the plaintiff's deed we are quite content.

*Exceptions overruled.*

All concurred.