Hillsborough-northern judicial district
No. 2005-848

MARGARET A. SHAFF

v.

EDITH W. LEYLAND

Argued: October 18, 2006
Opinion Issued: December 6, 2006

*Devine, Millimet & Branch, P.A.*, of Manchester (*David P. Eby* on the brief and orally), for the petitioner.

*Cassidy Law Office, PLLC*, of Concord (*James M. Cassidy* on the brief and orally), for the respondent.

HICKS, J. The respondent, Edith W. Leyland, appeals an order of the Superior Court (*Conboy*, J.) granting summary judgment to the petitioner, Margaret A. Shaff, on the basis that the respondent lacked standing to enforce a restrictive covenant contained in a warranty deed. We affirm.

The trial court found the following facts. In the 1960s, the respondent acquired approximately seventy-five acres along Mont Vernon Road in Amherst, where she lived in the only house located on the property. Beginning with the sale of her home in 1975, the respondent sold portions of this land to various parties. In 1985, she conveyed approximately twenty-three acres to the petitioner by a warranty deed that contained the following restrictive covenant:

> The above described premises are conveyed subject to the restriction, which shall run with the land, that the Grantees, their heirs and assigns shall construct on said premises only a colonial-type residence having a market value of at least One Hundred Thousand Dollars ($100,000).

The respondent did not reserve a right of enforcement in the deed. In 1998, she conveyed the last 11.6 acres of the original seventy-five acre parcel. The respondent currently owns no real estate near the original seventy-five acre parcel or in the town of Amherst.

The petitioner sought a declaratory judgment that the restrictive covenant does not limit the number of homes to be built on her property. She moved for summary judgment, requesting that the trial court determine as a matter of law that the respondent lacks standing to object to the relief she sought. Noting that "the respondent does not dispute that she currently owns no land in Amherst … that benefits from the Restrictive Covenant," the trial court entered summary judgment for the petitioner because "the respondent will suffer no legal injury" if the

restrictive covenant is extinguished and thus she lacks standing to enforce it.

In reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Handley v. Providence Mut. Fire Ins. Co.,* 153 N.H. 340, 341 (2006). "If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper. We review the trial court's application of the law to the facts *de novo.*" *Id.* (quotations and citation omitted).

■ "One seeking to enforce a restriction in equity must have a standing entitling him to seek equitable relief." *Rogers v. State Roads Commission,* 177 A.2d 850, 852 (Md. 1962); *see Lake v. Sullivan,* 145 N.H. 713, 716 (2001) ("In evaluating whether a party has standing to sue, we focus on whether the [party] suffered a legal injury against which the law was designed to protect." (quotation omitted)).

Because the issue is one of first impression in New Hampshire, the trial court looked to the law of other jurisdictions. It applied the majority rule that "[i]f an individual does not own the property that is benefited by th[e] restrictive covenant, he or she has not suffered a legal injury," and therefore does not have standing to enforce the restriction. The trial court found this rule to be "consistent with New Hampshire law concerning restrictive covenants and standing."

■ "A covenant, as used in the context regarding the use of property, is an agreement by one person, the covenantor, to do or refrain from doing something enforceable by another person, the covenantee. Every covenant has a burden to the covenantor and a benefit to the covenantee." *Waikiki Malia Hotel v. Kinkai Properties,* 862 P.2d 1048, 1056 (Haw. 1993) (citation omitted).

■ The benefit and the burden of a covenant are subject to two general classifications—"appurtenant" and "in gross"—which themselves are subject to further classification as "personal" or "running with the land." RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 1.5 comment *a.* at 31 (2000). "'Appurtenant' means that the rights or obligations of a servitude are tied to ownership or occupancy of a particular unit or parcel of land." *Id.* § 1.5(1). An appurtenant burden is created when the obligation or promise is enforceable only against "the owner or occupier of [the] particular parcel of land" upon which the restriction is placed. *Id.* comment *a.* at 31. An appurtenant benefit is created when the right to "receive the performance of a covenant . . . [is] held only by the owner or occupier of

[the] particular unit or parcel" meant to be benefited by the restriction. *Id.* § 1.5(1). "'In gross' means that the benefit or burden of a servitude is not tied to ownership or occupancy of a particular unit or parcel of land." *Id.* § 1.5(2). Covenants appurtenant and covenants in gross can be personal or can run with the land. *Id.* § 1.5(3). "Running with the land means that the benefit or burden passes automatically to successors . . . ." *Id.* comment *a.* at 31. "'Personal' means that a servitude benefit or burden is not transferable and does not run with land." *Id.* § 1.5(3).

■ Since the common law has not always recognized covenants in gross, it does not distinguish between covenants appurtenant or covenants in gross with regard to a party's standing. *Id.* § 8.1 comment *a.* at 474-75. Thus, the common law requires that a person own land that benefits from the restriction in order to have standing to enforce it: "Where a person no longer has any land in the vicinity which might be affected by the disregard of a covenant, he or she cannot enforce the restrictions." 20 AM. JUR. 2D *Covenants, Etc.* § 244 (2005); *see* 7 G. THOMPSON, COMMENTARIES ON THE MODERN LAW OF REAL PROPERTY § 3172, at 189 (1962 Replacement); 3 H. TIFFANY, THE LAW OF REAL PROPERTY § 864, at 494 (1939). This principle has been adopted by many jurisdictions. *See, e.g.,* *Stegall v. Housing Authority of City of Charlotte,* 178 S.E.2d 824, 829 (N.C. 1971); *Minch v. Saymon,* 233 A.2d 385, 387 (N.J. Super. Ct. Ch. Div. 1967); *Forman v. Safe Deposit & Trust Co.,* 80 A. 298, 300 (Md. 1911).

The petitioner urges us to affirm the common law rule relied upon by the trial court, and rule that the respondent lacks standing to enforce the covenant because she no longer owns property benefited by the restriction. The respondent argues that we should adopt the view of the RESTATEMENT (THIRD) OF PROPERTY, which eliminates the requirement of an ownership interest in benefited property in order to have standing to enforce a covenant in gross, instead requiring only that a holder "establish a legitimate interest in enforcing [it]." RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 8.1. Adoption of this view would change the common law standing requirement for covenants in gross, but not for covenants appurtenant. *Id.* comment *a.* at 474-75. In her brief, the respondent assumes that the covenant at issue is held in gross and therefore our adoption of the RESTATEMENT view would give her standing to seek enforcement of the covenant.

The trial court did not determine which type of covenant is at issue in this case. The petitioner asserted during oral argument that the classification of the covenant is not properly before us. The record shows that the issue was before the trial court and was raised in the respondent's notice of appeal which broadly stated the issue on appeal as: "Whether a

restrictive covenant contained in a deed can be enforced by the original grantor who created the covenant after the grantor no longer owns any real property [benefited] by the deed restriction." In addition, there is no question that the interpretation of a deed is a question of law. *See Hogan v. Lebel*, 95 N.H. 95, 97 (1948). Therefore, this issue is properly before us and we may decide it on appeal.

■ The general rule of construction favors appurtenant servitudes over servitudes in gross. *Cf. Burcky v. Knowles*, 120 N.H. 244, 248 (1980). Further, "[r]estrictions in a deed will be regarded as for the personal benefit of the grantor unless a contrary intention appears, and the burden of showing that they constitute covenants running with the land is upon the party claiming the benefit of the restriction." *Stegall*, 178 S.E.2d at 828. Combining these principles, we construe restrictive covenants as appurtenant to an interest in land, the benefit of which is personal to the covenantee and is enforceable only by the covenantee, unless a contrary intent is expressed in the language of the covenant.

■ We determine the intent of the parties "at the time of the creation of the covenants." *Joslin v. Pine River Dev. Corp.*, 116 N.H. 814, 817 (1976). The restrictive covenant contained in the deed to the petitioner expressly states that the burden "shall run with the land" but expresses no intent regarding the benefit of the covenant or the type of covenant conveyed. At the time she conveyed the twenty-three acres and created the restrictive covenant, the respondent owned acreage in the immediate area. Applying the principles discussed above, we conclude that the restrictive covenant was created to personally benefit the respondent as the owner of land that benefited from enforcement of the restriction. Had the respondent wished to hold the covenant in gross, regardless of whether or not she owned land in the area, she could have included language to that effect. Therefore, we hold that the restrictive covenant at issue is appurtenant, and that the respondent held the benefit personally. Accordingly, the respondent does not have standing to enforce the covenant because she no longer owns land that benefits from it.

We recognize that adoption of the rule set forth in the RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 8.1 could permit an original covenantor to enforce a covenant in gross regardless of the ownership of benefited land. However, this case does not present a proper opportunity to decide whether to adopt such a rule because it is not necessary to our decision. Even if we were to adopt this rule, because we hold that the restrictive covenant was appurtenant, it would still be unenforceable by the respondent.

The respondent lastly argues that she has standing to enforce the restrictive covenant under principles of contract law. While we recognize that a covenant constitutes an agreement between parties, *Arnold v. Chandler*, 121 N.H. 130, 133 (1982), this fact does not lead us to repudiate the common law's well-developed and widely recognized standing rules regarding the enforceability of servitudes.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.