**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2009-NMCA-033

Filing Date:  February 18, 2009

Docket No. 27,856

SANTA FE ESTATES, INC. and
RIDGETOP ROAD, LLC,

      Plaintiffs-Appellees,

v.

CONCERNED RESIDENTS OF
SANTA FE NORTH, INC.,

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Holland & Hart, LLP
Mark F. Sheridan
Santa Fe, NM

for Appellee Santa Fe Estates, Inc.

Rubin Katz Law Firm, P.C.
Frank T. Herdman
Jenny F. Kaufman
Santa Fe, NM

for Appellee Ridgetop Road, LLC

VanAmberg, Rogers, Yepa, Abeita & Gomez, LLP
Ronald J. VanAmberg
Santa Fe, NM

for Appellant

**OPINION**

1

**SUTIN, Judge.**

**{1}** This appeal follows our decision in *Concerned Residents of Santa Fe North, Inc. v. Santa Fe Estates, Inc. (Residents I)*, 2008-NMCA-042, 143 N.M. 811, 182 P.3d 794, which contains the background before the continuation of the litigation resulting in this appeal. We will refer to the continued litigation resulting in this appeal as *Residents II.* The parties in *Residents II* are Concerned Residents of Santa Fe North, Inc. (Residents), Santa Fe Estates, Inc., and Ridgetop Road LLC (collectively, Estates).

**{2}** In *Residents I*, we held that covenants in a settlement agreement between Residents and Estates created restrictions with respect to Estates' commercial property and that Estates was to record the restrictions as restrictive covenants. 2008-NMCA-042, ¶¶ 59-68. After Estates recorded the restrictive covenants it sought in *Residents II* a declaration that Residents had no right to enforce the recorded covenants. The district court granted partial, final summary judgment in favor of Estates because (1) Residents "[did] not own property which could be viewed as the dominant estate" and the covenants themselves did not create covenants in gross, and (2) the agreement between Residents and Estates did not clearly state that Residents had a right to enforce the covenants. The court also believed that the judge who decided *Residents I* at the trial level ruled that the agreement did not provide for a contractual right to enforce the covenants.

**{3}** The district court was correct. Any right of Residents to enforce the restrictive covenants could arise only from clear provisions in the settlement agreement creating a personal covenant in gross[1] and granting Residents the right to enforce the personal covenants in gross. No such provision exists in the settlement agreement, and we will not imply either a personal covenant in gross or a right to enforce the recorded restrictive covenants. Thus, Residents has no right to enforce the covenants. We therefore affirm the district court.

**DISCUSSION**

**{4}** Residents sets out three arguments to support its single point on appeal that it has the right to enforce the covenants. Residents first argues that it has a right to enforce the covenants because if it is precluded from doing so, it will have been given a right in *Residents I* to require Estates to record restrictive covenants, but it will have no remedy.

---

[1] Residents argues that "New Mexico fully acknowledges the viability of personal covenants in gross which are not appurtenant to real property and which are not part of a common scheme." Estates argues that "no reported New Mexico decision recognizes restrictive covenants in gross." We do not address these arguments. For purposes of our decision in this opinion, we will assume, without deciding, that covenants in gross created by contract are recognized in New Mexico. Nothing in this opinion is intended to imply that covenants in gross are or are not recognized in New Mexico law.

2

Residents calls upon the maxim in equity that there is no right without a remedy. *See Armijo v. Town of Atrisco*, 62 N.M. 440, 456-57, 312 P.2d 91, 101-02 (1957) (indicating in reference to the maxim that somewhere in the vast reservoir of equitable relief the answer may be found to resolve the difficulty in placing common lands of the land grant in the true owners of beneficial interests). Residents' second argument is that because the agreement gave Residents the right to have restrictive covenants placed on Estates' commercial property, the agreement thereby created a servitude burdening the commercial property and benefitting Residents with a personal covenant in gross. Residents' third argument is that if anyone has an enforcement right, it would be Residents "since third party beneficiary rights derive from a party to the [agreement]."

**{5}** Residents does not show in its brief in chief where it preserved these arguments in the district court. *See* Rule 12-213(A)(4) NMRA (requiring, for each issue raised, "a statement explaining how the issue was preserved in the court below"); *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (stating that an appellant must "specifically point out where, in the record, the party invoked the court's ruling on the issue"). Estates raises this preservation issue, and Residents, in its reply brief, addresses the issue by quoting the following from a memorandum it filed in the district court in support of its response to Estates' motion for summary judgment.

> The question is not whether [Residents] has a benefit, the question is whether [Residents] established a contractual right, whether it benefits by that right or has obtained that right for charitable purposes for the benefit of others is of no consequence. [Residents] does not need to own property which is benefited or which is the dominant estate relating to the covenants. Covenants, assuming they are easements, can be "in gross" and do not have to be attached to a dominant estate. [Residents] is the entity that entered into the Settlement Agreement and is the entity that has the right to enforce the Settlement Agreement. Whether there are third party beneficiaries who would have a similar right of enforcement is another question. [Residents] believes that its enforcement rights are clear.

Further, Residents states that the hearing in the district court on the issue "focused on whether Residents could have a right of enforcement because it did not own land which could benefit from the covenants." Residents also states that the district court framed the issue as, "Residents did not, and apparently could not, create covenants in gross which it can enforce."

**{6}** As for Residents' first argument based on the maxim in equity that there is no right without a remedy, we agree with Estates that this theory was not argued in the district court. Residents therefore did not preserve it, and we will not consider it on appeal. *See Brown v. Trujillo*, 2004-NMCA-040, ¶ 39, 135 N.M. 365, 88 P.3d 881 ("We do not review arguments that are raised for the first time on appeal.").

**{7}**     As for Residents' third argument, which is based on Section 2.6, Comment (e) of the *Restatement (Third) of Property:  Servitudes* (2000), relating to contracts that create a servitude benefitting third parties, Residents has not indicated where, specifically, it raised the argument in the district court or whether that court addressed this issue.  We agree with Estates that this third argument cannot be raised for the first time on appeal.  *See Brown*, 2004-NMCA-040, ¶ 39.

**{8}**     Residents' second argument was adequately preserved.  The argument is that the settlement agreement created restrictive covenants that burdened Estates' interest in its commercial property and ran with the land to bind Estates' successors, while at the same time the settlement agreement created personal covenants in gross in favor of Residents.  Essentially, Residents' logic is that since Residents had the right to require Estates to create and record restrictive covenants, while it was known that Residents owned no benefitted property, the covenants had to be considered in gross and personal and therefore enforceable.  The district court addressed issues of whether the agreement created covenants in gross and whether the agreement clearly and unambiguously established a contract right in Residents to enforce the restrictive covenants.  We, therefore, choose to address Residents' second argument.

**Standard of Review**

**{9}**     The parties agree that the standard of review in this appeal is that the appeal from the grant of the motion for summary judgment presents a question of law that this Court reviews de novo.  *Montgomery v. Lomos Altos, Inc*., 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971.

**Right to Enforce Covenants**

**{10}**     Residents now seeks to enforce, as the "covenantee," against Estates, as the "covenantor," the restrictive covenants ultimately recorded by Estates as ordered by the court in *Residents I*.  This creates two twists involving servitudes created by restrictive covenants. One twist is that Estates, as developer, contrary to the usual case, is not the creator of the covenants and the covenantee.  *Cf. Montoya v. Barreras*, 81 N.M. 749, 751, 473 P.2d 363, 365 (1970) (stating, in a case involving a developer's declaration of restrictive covenants for a subdivision, that "[h]istorically, restrictive covenants have been used to assure uniformity of development and use of residential area to give the owners of lots within such an area some degree of environmental stability").  As argued by Estates in *Residents I*, Estates did not intend the settlement agreement to have the effect of creating the covenants or to have the covenants binding on Estates.  The covenants were forced upon Estates by the result in *Residents I*.  The other twist is that it is not residential lot or tract owners in the development that are seeking to enforce covenants; instead it is a non-profit corporation that owns no affected property and that purports to act for unspecified property owners who have no say in management of the corporation's business.

4

**{11}** The circumstances here do not fit neatly in the various cases and treatises that Residents cites in support of its position. *See, e.g., Lex Pro Corp. v. Snyder Enters., Inc.*, 100 N.M. 389, 391, 671 P.2d 637, 639 (1983); *Cypress Gardens, Ltd. v. Platt*, 1998-NMCA-007, ¶ 15, 124 N.M. 472, 952 P.2d 467; *Waikiki Malia Hotel, Inc. v. Kinkai Props. Ltd. P'ship*, 862 P.2d 1048 (Haw. 1993); *Powell on Real Property* §§ 60.01[2], 60.04[1] (2000); *Restatement (Third) of Property: Servitudes* § 2.6.

**{12}** The law of this case as established in *Residents I* is that the covenants constitute a burden on the commercial property owned by Estates and run with the land, such that the covenants are binding on Estates' successors. *Residents I* did not expressly decide in whose favor an appurtenant benefit was granted. It seems evident that the recorded covenants created appurtenant benefits in favor of owners of lots or tracts yet to be identified. *See Montoya*, 81 N.M. at 751, 473 P.2d at 365 ("Restrictions as to the use of land are mutual, reciprocal, equitable easements in the nature of servitudes in favor of owners of other lots within the restricted area, and constitute property rights which run with the land."); *see also Shaff v. Leyland*, 914 A.2d 1240, 1244 (N.H. 2006) ("An appurtenant burden is created when the obligation or promise is enforceable only against the owner or occupier of [the] particular parcel of land upon which the restriction is placed. An appurtenant benefit is created when the right to receive the performance of a covenant . . . [is] held only by the owner or occupier of [the] particular unit or parcel meant to be benefitted by the restriction." (alterations in original) (internal quotation marks and citations omitted)). For the reasons that follow, we reject the notion that the settlement agreement created appurtenant benefits or personal covenants in gross in favor of Residents or otherwise gave Residents a right to enforce the recorded covenants.

**{13}** While the issue before us does not involve whether the settlement agreement created and required recordation of restrictive covenants, we think that general rules relating to agreements restricting the free use of property are instructive in construing the provisions of the settlement agreement. These general rules require clear language in the agreement and do not permit creation of restrictions by implication. *See* 20 Am. Jur. 2d *Covenants, Conditions, and Restrictions* §§ 170, 241 (2008) (stating that agreements restricting the free use of property "will not be aided or extended . . . to grant rights to persons in whose favor it is not clearly shown such restrictions are to apply"; that "[c]ovenants and agreements restricting the free use of property are not favored by the law and will be strictly construed against limitations upon such use"; that "[s]uch restrictions will not be aided or extended by implication"; and that "[b]roadly speaking, a suit for equitable enforcement of a restrictive covenant is maintainable only by one for whose benefit the covenant is intended, and is not enforceable by one who has no right or interest in the land for the benefit of which the restriction has been imposed" (footnotes omitted)); *Hill v. Cmty. of Damien of Molokai*, 1996-NMSC-008, ¶ 6, 121 N.M. 353, 911 P.2d 861 (stating that "if the language is unclear or ambiguous, we will resolve the restrictive covenant in favor of the free enjoyment of the property and against restrictions" and that "we will not read restrictions on the use and enjoyment of the land into the covenant by implication").

5

**{14}** No provision of the settlement agreement clearly gives Residents any right in regard to the covenants beyond what *Residents I* determined. No provision clearly created a personal covenant in gross or gave Residents a right of its own to enforce recorded covenants. We therefore do not accept Residents' argument that the recorded covenants had to be personal covenants in gross by virtue of the fact that Residents owned no property. The argument relies, at most, on implication and not on clear contract language. Nor do we accept the argument that a right to enforce the recorded covenants exists through some necessary implication simply because the court in *Residents I* enforced a contract right in Residents to require Estates to create and record restrictive covenants. We therefore hold that the settlement agreement neither created a personal covenant in gross in favor of Residents nor gave Residents a right to enforce the recorded covenants.

**CONCLUSION**

**{15}** We affirm the district court's summary judgment in favor of Estates.

**{16 }** **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**

Topic Index for *Santa Fe Estates, Inc. v. Concerned Residents of SF North, Inc.*, No. 27,856

| | |
|---|---|
| **AE** | **Appeal and Error** |
| AE-PA | Preservation of Issues for Appeal |
| | |
| **CP** | **Civil Procedure** |
| CP-SE | Settlement Agreement |
| | |
| **PR** | **Property** |
| PR-CN | Covenants |
| PR-RC | Restrictive Covenants |
| | |
| **RE** | **Remedies** |
| RE-EQ | Equity |