# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0156, <u>Kay N. Lariviere v. Thomas King, MD & a.</u>, the court on January 7, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Kay N. Lariviere, appeals the grant of summary judgment by the Superior Court (<u>St. Hilaire</u>, J.) to the defendants, Thomas King, MD, and HCA Health Services of New Hampshire, Inc., d/b/a Portsmouth Regional Hospital (Portsmouth Regional),[1] on her claims of medical malpractice under RSA 507-E:2 (2010). On appeal, the plaintiff argues that the trial court erred by: (1) determining that she failed to produce expert opinion evidence necessary to satisfy her burden of proof in a medical injury action; and (2) granting summary judgment because genuine issues of material fact exist. We conclude that the plaintiff produced sufficient expert opinion evidence as required by RSA 507-E:2. Accordingly, we reverse and remand.

The following facts are drawn from the trial court's orders or are undisputed. Dr. King operated on the plaintiff's knee at Portsmouth Regional. While recovering at Portsmouth Regional, the plaintiff's leg was placed in a continuous passive movement (CPM) machine to "flex and extend the knee joint through passive movement." She alleges that the CPM machine fell off her hospital bed with her leg in it, causing a fracture to her leg.

The plaintiff thereafter initiated this action against Dr. King and Portsmouth Regional for medical negligence. She retained an orthopedic surgeon as her sole expert witness, who examined her, reviewed her medical records, and produced a report detailing his opinions. Dr. King and Portsmouth Regional both moved for summary judgment, arguing that the plaintiff failed to produce expert testimony sufficient to sustain her claims. The plaintiff objected and submitted a supplemental affidavit from her expert. In that affidavit, her expert opined that "no reasonable medical professional would allow a CPM machine to be positioned in such a way that it could fall from a bed and hurt the patient." The trial court granted the defendants' motions for summary judgment, concluding that the plaintiff failed to produce sufficient

---

[1] Portsmouth Regional failed to brief the issues pertaining to its cross-appeal in its opposing brief, and we struck its supplemental brief, which was filed without leave. Accordingly, we consider only the arguments that Portsmouth Regional made in response to the plaintiff's appeal.

evidence "concerning any breach of the applicable standard of care" as required by RSA 507-E:2. This appeal followed.

On appeal, the plaintiff argues that the trial court erred by granting the defendants' motions for summary judgment. When reviewing the trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. Shaff v. Leyland, 154 N.H. 495, 497 (2006). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the trial court's grant of summary judgment is proper. See id. We review the trial court's application of the law to the facts de novo. Id.

RSA 507-E:2, I, requires a plaintiff bringing any action alleging a medical injury to establish, through competent expert witness testimony: (1) "[t]he standard of reasonable professional practice in the medical care provider's profession or specialty . . . at the time the medical care in question was rendered"; (2) "[t]hat the medical care provider failed to act in accordance with such standard"; and (3) "[t]hat as a proximate result thereof, the injured person suffered injuries which would not otherwise have occurred." RSA 507-E:2, I. A plaintiff cannot meet this statutory burden if he or she fails to proffer a qualified expert witness who opines on each element of the statute. See Smith v. HCA Health Servs. of N.H., 159 N.H. 158, 160-61 (2009).

First, we consider whether the plaintiff's expert established the standard of care. See RSA 507-E:2, I(a). Such an opinion would identify the "proper protocols" for positioning a CPM machine on a hospital bed. See Smith, 159 N.H. at 162. The plaintiff maintains that the expert's statement that "no reasonable medical professional would allow a CPM machine to be positioned in such a way that it could fall from a bed and hurt the patient" provided "clear evidence" of the applicable standard of care.[2] The court understood the relevant standard of care to be that "CPM machines are placed in hospital beds in such a way that they very rarely fall off." We agree that the plaintiff's expert opinion sufficiently established the applicable standard of care.

Next, we consider whether the plaintiff established through expert testimony that the defendants breached the standard of care. The plaintiff's expert must opine that the defendants "failed to act" according to the "standard of reasonable professional practice." See RSA 507-E:2, I(a)-(b). Here, the plaintiff's expert opined that "no reasonable medical professional would allow a CPM machine to be positioned in such a way that it could fall from a bed and hurt the patient." He further opined that "to a high degree of probability or

---

[2] The defendants assert that reliance upon the plaintiff's expert affidavit is improper because it was specifically designed to defeat summary judgment. However, because our review of a trial court's grant of summary judgment includes a consideration of the affidavits and other evidence presented to the trial court, see Shaff v. Leyland, 154 N.H. 495, 497 (2006), we are not persuaded.

certainty" the CPM machine fell because "someone at the hospital, whether under the direction of Dr. King or Portsmouth Regional Hospital, failed to give the proper and expected care to ensuring the CPM machine was properly positioned, allowing the machine to fall." Although we do not presume negligence, as a matter of law, from the fact that the CPM machine fell, the plaintiff's expert has opined that, as a matter of fact, the standard of care requires this presumption under these circumstances. See St. Pierre v. Elgert, 145 N.H. 620, 622-25 (2000) (presuming negligence as a factual matter because an expert testified that the standard of care requires a delivering doctor to ensure that the placental tissue is completely expelled and failure to detect missing tissue is "most of the time" due to negligence (quotation omitted)). Given the plaintiff's expert opinion that "no reasonable medical professional" would position the CPM machine in a way which it could fall, and yet it did fall, we conclude that the plaintiff's expert sufficiently opined that the defendants breached the standard of care.

Lastly, we turn to the issue of causation. The plaintiff's expert must opine that "as a proximate result" of the defendants' breach, "the injured person suffered injuries which would not otherwise have occurred." RSA 507-E:2, I(c). Here, the plaintiff's expert opined "to a high degree of probability" that the plaintiff's "injury was caused by the CPM machine falling off the bed." He also opined that "because the CPM machine did fall and injure [the plaintiff] there was accordingly failure to provide the appropriate level of care." Furthermore, he opined that "[h]ad the CPM machine not fallen, [the plaintiff] would not have been injured and would not have required the surgeries [that followed] to fix the fracture." We conclude that this opinion sufficiently alleges causation; the improper positioning of the CPM machine was the proximate and but-for cause of the plaintiff's injury. See id.; cf. St. Pierre, 145 N.H. at 624-25. Accordingly, the plaintiff produced sufficient expert opinion evidence on each element of her action. See RSA 507-E:2, I. We reverse the trial court's grant of summary judgment to the defendants and remand for further proceedings consistent with this order.

Reversed and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

Timothy A. Gudas,
Clerk

3