64 So.2d 618

**PROVIDENT LIFE & ACCIDENT INS. CO. v. PRESSLEY.**

**4 Div. 191.**

Court of Appeals of Alabama.

April 7, 1953.

Smith & Smith and Roy L. Smith, Phenix City, for appellant.

Albert L. Patterson, Phenix City, for appellee.

PRICE, Judge.

The complaint consists of one count, declaring on a policy of insurance, in which it is averred that defendant, on the 1st day of September, 1947, insured the life of George Robert Hill, who died on the 2nd day of April, 1949, of which defendant has had notice.

Defendant pleaded the general issue. It is manifest from the record however, that both parties tried the cause to its conclusion as if issue had been joined upon a special plea. Dillworth v. Holmes Furniture & Vehicle Co., 15 Ala.App. 340, 73 So. 288, and authorities there cited.

On the trial plaintiff's exhibit No. 2 was introduced in evidence as the "insurance policy" under the terms of which recovery is sought in this case.

Plaintiff's contention was that George Robert Hill was employed by the Muscogee Manufacturing Company and was covered by a policy of group insurance issued to that company by appellant. Insured became totally and permanently disabled in August, 1948, and because of such disability, which continued until his death, he was entitled to a waiver of the premiums on said policy.

Plaintiff's exhibit No. 2, however, is merely the certificate issued to the employee, evidencing his right to benefits under the group policy. The certificate reads, in pertinent part, as follows:

"Provident
Life and Accident Insurance Company
"Chattanooga, Tennessee
"(Herein called the Insurance Company)

"Certifies that the person named on the filing back of this certificate and employee of Muscogee Manufacturing Company (Herein called the Employer) is insured for the benefits described in this certificate, subject to the terms and conditions of Group Life Policy No. 4780–L and Group Disability and Hospital and Surgical Expense Policy No. 4780.

\* \* \* \* \* \*

"This certificate on its effective date automatically replaces any certificate or certificates previously issued to the Employee under Group Life Policy No. 4780–L and Group Disability and Hospital and Surgical Expense Policy No. 4780, or under any other group policy issued by the Insurance Company, and such certificates are void.

"The provisions of the group policies in this certificate, as well as all other provisions, conditions and agreements contained in the group policies, apply to the insurance evidenced by this certificate. The group policies and the application therefor constitute the entire contract between the parties.

\* \* \* \* \* \*

"Upon receipt of satisfactory proof of the death of the Employee, while the group life policy and the insurance with respect to the Employee are in full force, the Insurance Company will pay the sum shown in Part I on the front page of this certificate to the beneficiary designated by the Employee and named herein, *subject to all the provisions of the group life policy,* and to the right of the Employee to change the beneficiary. (Italics ours.)

\* \* \* \* \* \*

"Certificate

"Issued in Connection with Group Life Policy No. 4780–L and Group Disability

and Hospital and Surgical Expense Policy No. 4780

by the

Life and Accident Insurance Company
Chattanooga, Tennessee
to an Employee of
Muscogee Manufacturing Company
"(Please read your Certificate)"

 "It is well settled that two writings connected by reference one to the other, or simultaneously made, with respect to the same subject matter and proved to be parts of an entire transaction constitute but a single contract as if embodied in one instrument." Moorer v. Tensaw Land & Timber Co., 246 Ala. 223, 20 So.2d 105, 107.

It is also established law that in suits to recover under the terms of a group policy, "The policy contract is to be found upon examination of the provisions of the certificate in connection with those of the 'Master Policy'." Life Ins. Co. of Virginia v. Hanback, 250 Ala. 643, 35 So.2d 696, 697; All States Life Ins. Co. v. Steward, 242 Ala. 258, 5 So.2d 784, 785.

In Wann v. Metropolitan Life Ins. Co., Tex.Com.App., 41 S.W.2d 50, 52, the Texas Court stated:

"The parties to this contract expressly agreed that plaintiff in error was insured subject to the terms and conditions of the group policy. However complete the terms of the certificate may appear to be, the fact remains that the parties agreed it should be subject to the terms and conditions of another instrument. In the face of such an agreement plaintiff in error had no right, without the consent of the insurance company, to change this contract so as to entitle him to recover without regard to the terms and conditions of the policy expressly made a part of the contract. The terms of the certificate may have been materially modified by stipulations contained in the group policy." See also Carruth v. Aetna Life Ins. Co., 157 Ga. 608, 122 S.E. 226, 230; Seavers v. Metropolitan Life Ins. Co., 132 Misc. 719, 230 N.Y.S. 366.

The burden rested on the plaintiff to prove the existence of the contract. National Life & Accident Ins. Co. v. Winbush, 215 Ala. 349, 110 So. 571; Life Ins. Co. of Virginia v. Mann, 237 Ala. 253, 186 So. 586; Mutual Benefit Health & Accident Ass'n, v. Morrison, 226 Ala. 370, 147 So. 158.

The certificate provides in plain and specific terms that the employee was insured subject to the provisions of the group policy issued to the employer. The group policy was not offered in evidence and no effort was made to prove its contents.

The plaintiff having failed to make out her case, defendant was entitled to the general affirmative charge.

Reversed and remanded.