156 So.2d 380

**OCCIDENTAL LIFE INSURANCE COM-
PANY OF CALIFORNIA**

v.

**William O. HUFF.**

6 Div. 905.

Court of Appeals of Alabama.

Aug. 27, 1963.

Spain, Gillon & Young and Ollie L. Blan, Jr., Birmingham, for appellant.

Frank Marsh, Bessemer, for appellee.

PRICE, Presiding Judge.

This was an action by the appellee to recover disability benefits under a group policy of insurance.

The plaintiff introduced in evidence the "Certificate of Death and Disability Benefits—Universal Plan," issued to the insured under the group policy.

"The policy contract is to be found upon examination of the provisions of the certicate in connection with those of the 'Master Policy.'" All States Life Ins. Co. v. Steward, 242 Ala. 258, 5 So.2d 784; Life Ins. Co. of Virginia v. Hanback, 250 Ala. 643, 35 So.2d 696; Provident Life & Accident Ins. Co. v. Pressley, 37 Ala.App. 153, 64 So.2d 618.

The policy was not introduced in evidence, but it was stipulated that, "on the date of the injury made the basis of this suit, there was in existence a contract of insurance between the defendant and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers and that certificate Number G256289, issued to the plaintiff, was issued pursuant to said policy of insurance between the defendant and said Brotherhood and

both parties agree that said master group policy of insurance need not be introduced into evidence."

The provision in the certificate for disability benefits reads:

"Disability Benefits are payable to the member, upon receipt of due proof of disablement caused by any of the losses enumerated below, while covered under the policy."

We have reached the conclusion that under the above quoted provision of the certificate, the furnishing of proof of disability is made a condition precedent to recovery. Metropolitan Life Ins. Co. v. Phillips, 236 Ala. 259, 182 So. 35. See also Emergency Aid Ins. Co. v. Dobbs, 263 Ala. 594, 83 So.2d 335.

The pleading was the general issue, in short by consent, with leave, etc., which cast upon plaintiff the burden of proving that he had given the defendant due proof of disability as averred in his complaint. New York Life Ins. Co. v. Singuefield, 231 Ala. 185, 163 So. 812; Life Ins. Co. of Virginia v. Hanback, supra.

Appellee admits that proof of disability was not furnished to the defendant, but insists that the case was tried on the single issue as to whether the plaintiff had lost the irrecoverable use of his hand, and that no questions were asked regarding furnishing of proof of disability and that the case should be reviewed in this court on the theory on which trial was had. We cannot agree with this contention. As stated hereinabove, the burden rested upon plaintiff to prove the material allegations of his complaint. This he failed to do.

Having reached the conclusion that under the evidence the defendant was entitled to the general affirmative charge, it is unnecessary to consider the other questions presented by appellant's assignments of error.

Reversed and remanded.