**Jack G. LEVINE and Eileen M. Levine, Plaintiffs-Appellees,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellant.**

No. 30529.

United States Court of Appeals, Fifth Circuit.

March 9, 1971.

Marshall H. Fitzpatrick, Birmingham, Ala., for defendant-appellant; Norman & Fitzpatrick, Birmingham, Ala., of counsel.

J. H. Crow, III, E. Ray Large, Birmingham, Ala., for plaintiffs-appellees; Beavers, Shannon, Harrison & Odom, Birmingham, Ala., of counsel.

Before GODBOLD, CLARK and IN-GRAHAM, Circuit Judges.

GODBOLD, Circuit Judge:

Plaintiffs, residents of Alabama, sued their insurer, a Pennsylvania corporation, to recover under their policy for damage allegedly caused to their home in Alabama by explosions. Because of error in instructing the jury we remand for further proceedings.

The evidence was conflicting as to the reasonable cost of repairs to the damaged property. It was shown that there was an outstanding mortgage on the damaged house at the time of the effective period of the insurance policy, in favor of a bank which was not a party to the suit. One of the plaintiffs testified that he supposed the mortgage indebtedness to be $13,250 or $13,300 at the time the policy terminated, but it is clear that he was uncertain of the correct figure.

The policy contained the Standard Mortgagee Clause,[1] which creates an independent agreement between the insurance company and the mortgagee for the latter's benefit. *See generally* 5A Appleman, Insurance Law and Practice, § 3401, pp. 279–296.

The court denied defendant's written requests for jury instructions to which defendant duly objected. The denied instructions were to the effect that the plaintiffs could recover only if the jury found that the damages to the premises exceeded the mortgage indebtedness, and then only the amount of the excess. Instead the court charged:

If you find for the plaintiffs and against the Insurance Company of North America, it will then be your duty to assess damages. These damages are an essential element of the plaintiffs' case. It is necessary for the plaintiffs to prove to you that the damage which occurred to their home was not only caused by blasting, but was caused by blasting within the policy period. It is necessary for the plaintiffs to prove to you the value of this damage to the home in accordance with the terms of the policy. You cannot award damages on the basis of speculation. Under the terms of the policy insurance covered the property of the Levine's home to the extent of the actual cash value of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of a like kind and quality within a reasonable time after the loss. That is to say, the policy contemplated payment for the perils which it covered for the loss resulting therefrom, by the cost of the repair or replacement with like quality material. If, therefore, you find for the plaintiffs and against the Insurance Company of North America, it will be necessary for you to assess damages for the cost of repair or replacement of

1. "K. Standard Mortgagee Clause: If a mortgagee is named in the Declarations, loss or damage, if any, on buildings under this policy, shall be payable to the aforesaid as mortgagee (or trustee) as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same. * * *"

the property which was caused prior to March 11, 1968.[2]

The jury returned a general verdict for plaintiffs in the amount of $5,000. Defendant appealed.

■ The written instructions requested and denied were correct and the oral charge erroneous. In Capital City Ins. Co. v. Jones, 128 Ala. 361, 30 So. 674 (S.Ct.1900), the Supreme Court of Alabama established the rule in that state's jurisprudence [3] that a mortgagor-insured can maintain suit against the insurer on a policy with a mortgagee loss payable clause only for the balance after deducting the amount due on the mortgage from the loss recoverable under the insurance policy. *See also* Fireman's Fund Insurance Co. v. Thomas, 275 Ala. 445, 155 So.2d 923 (S.Ct.1963). "This, of course, imposes the burden upon the plaintiff [the insured] of showing there was a balance after paying the mortgage, and the amount of such balance." Capital City Ins. Co. v. Jones, *supra*, 30 So. at 676.

■ The jury verdict, though made under an erroneous instruction, is determinative of the damage to plaintiffs' premises. The amount of damages, as measured by the cost of repair or replacement, was the issue submitted to the jury, and we must presume that the jury abided by the instructions. Had the District Court given the correct charge, the jury would have been required to make the same factual determination as a prerequisite to its verdict. *Cf.* Indemnity Insurance Co. v. Browning-Ferris Mach. Co., 227 F.2d 804 (5th Cir. 1955).

We remand the case with instructions to the District Court that the outstanding balance on the mortgage be determined. Presumably this can be done by summary judgment, and if not by a limited trial on that single issue under Rule 42. If the mortgage balance is $5,000 or more the judgment for plaintiffs shall be vacated and judgment entered for defendant; if less than $5,000 the judgment for plaintiffs shall be amended to reflect recovery of the difference between the mortgage balance and $5,000.

Remanded for further proceedings not inconsistent with this opinion.

Costs are taxed against appellees.

---

2. When the time came for stating objections to charges given and refused, the court stated that its practice was to give a general exception to the charge as given and to refusals to charge and not to require a specific statement of objection. Thus, it was not necessary for the defendant to state an objection to the foregoing oral instruction, which was the converse of the written charges requested by defendant and refused, and to which refusal objection was made. *See* Southern Natural Gas Co. v. Wilson, 304 F.2d 253 (5th Cir. 1962).

3. There is no dispute in this *Erie*-bound case that Alabama law applies. Alabama has adopted the rule that the law of the place of contracting or execution governs the interpretation of the contract. W. T. Rawleigh Medical Co. v. Walker, 16 Ala. App. 232, 77 So. 70 (1917). Both the insured and the insurer's agent are residents of Alabama, and it nowhere appears in the record that the contract was not made and delivered in Alabama. *See* Restatement of Conflicts of Laws § 318 (1934).