UNITED STATES of America,
Plaintiff-Appellee,

v.

FISHING VESSEL MARY ANN, her engines, machinery, masts, anchors, etc., in rem, et al., Defendants-Appellants.

No. 71–1640

United States Court of Appeals,
Fifth Circuit.

July 27, 1972.

Rehearing and Rehearing En Banc
Denied Sept. 8, 1972.

L. Glen Kratochvil, T. G. Schirmeyer, Houston, Tex., Schirmeyer & Kratochvil, Houston, Tex., of counsel, for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., David V. Hutchinson, Admiralty & Shipping Section, Dept. of Justice, Morton Hollander, Chief, Appellant Section, Civil Div., Dept. of Justice, Washington, D. C., L. Patrick Gray, III, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before JONES, BELL and AINSWORTH, Circuit Judges.

JONES, Circuit Judge:

Ahto Walter, one of the appellants, had built for him a vessel for fishing and freezing. To complete the vessel Walter borrowed $397,506 from the United States through the United States Bureau of Commercial Fisheries pursuant to the authorization of the Fish and Wildlife Act, 16 U.S.C.A. §§ 742a–742k. To evidence the indebtedness Walter and his wife, Lucy A. Walter, gave a promissory note payable to the order of the United States of America and secured by a preferred ship mortgage on the vessel under construction, the MARY ANN. Ewen Duff Walter, the son of Ahto Walter, gave a written guaranty of payment of the note. A builder's risk insurance policy was procured by Walter. The policy had a mortgagee loss payable clause endorsement attached, payable to the United States. Another builder's risk policy was procured by the shipyard, St. Charles Steel Works, Inc., in which Walter was named as a loss payee.

The MARY ANN capsized. Walter had the necessary repairs made at a cost of over seventy-seven thousand dollars. Walter filed claims with the insurance carriers which denied liability on several grounds but primarily on the asserted ground that the vessel did not capsize at the shipyard or while on a trial run. Walter requested the United States to bring an action upon the policy affording coverage to it, taking the position that the defenses which might be asserted against him could not prevail against the United States. It declined to sue on the asserted ground that Walter was not then in default. This Court has been told that an action has been brought on one or both policies in a court which is withholding its decision.

Walter subsequently defaulted in making payments to the United States. It foreclosed and purchased the MARY ANN at foreclosure sale. In the foreclosure Walter defended and counterclaimed, alleging that the United States had wrongfully refused to bring a suit on the insurance policy containing the loss payable mortgagee clause. The defense was rejected and a summary judgment against Walter was entered on the counterclaim, 330 F.Supp. 1102.

Lucy A. Walter was made a party defendant in the foreclosure action by reason of her joinder in the execution of the promissory note. Ewen Duff Walter was made a party defendant in the foreclosure and a claim was made against him on the guaranty. Neither Lucy A. Walter nor Ewen Duff Walter was served with process in the action. Each of them had answered the complaint asserting defenses on the merits. The district court held that Lucy A. Walter and Ewen Duff Walter had submitted themselves to the jurisdiction of the court. A deficiency judgment of more than two hundred thousand dollars and interest was entered against the Walters, husband, wife and son. All have appealed.

■■ It is contended, in a number of different ways, that the refusal of the United States to pursue the insurance company under the provisions of the loss payable mortgagee clause was a breach of a duty owed by it to Walter. The mortgagee clause creates an independent agreement between the insurer and the mortgagee for the latter's benefit. Levine v. Insurance Company of North America, 5th Cir. 1971, 440 F.2d 679. The mortgagor has no rights under the mortgagee clause. 18 Couch Insurance 2d Ed. 436 § 74:344. The United States did not owe any duty to Walter to bring an action against the insurer. Its refusal to bring such action did not change or modify the obligations of Walter to the United States. The Fish and Wildlife Act does not change this rule.

■ Although not specified as error, Walter complains of the sale of the MARY ANN for an amount in excess of

its bid price at the foreclosure sale without crediting the difference upon the deficiency judgment. Aside from any procedural question, it must be held that the objection is without merit. This is not, it appears, one of those areas in which the compassionate generosity of a benign and benevolent sovereign is given effect.

Lucy A. Walter and Ewen Duff Walter contend that the district court had no jurisdiction over them. They raise two jurisdictional questions. In one of these they claim that this is an in rem proceeding in admiralty for the foreclosure of the lien of a preferred ship mortgage to which they are not parties upon a vessel in which they had no title or interest, and that joinder of the in personam claims against them is unauthorized and unavailing. The rules provide otherwise. Fed.Admiralty Rules, rules A, C(1), 28 U.S.C.A.; Fed. Rules Civ.Proc. rules 18(a), 20(a), 28 U.S.C.A. Under the other jurisdictional claim it is urged that because there was no service of process there was no jurisdiction. The governing principle is:

> "If a defendant proceeds *first* on the merits, as by a motion to dismiss for failure to state a claim or by an answer on the merits, and *thereafter* attempts to challenge jurisdiction over his person or improper venue, the challenge should fail; it comes too late, and has not been made in the manner prescribed in Rule 12." 2A Moore's Federal Practice, 2d Ed. 2322 ¶ 12.12.

The foregoing was quoted with approval and applied by this Court in Stavang v. American Potash and Chemical Corporation, 5th Cir. 1965, 344 F.2d 117. See 5 Wright and Miller, Federal Practice and Procedure 849 et seq., §§ 1390–1391.

No error appearing, the judgment of the district court is

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.