299 So.2d 302

**Pearl D. GRAY**

v.

**AETNA LIFE INSURANCE COMPANY.**

**Civ. 371.**

Court of Civil Appeals of Alabama.

Aug. 14, 1974.

George W. Cameron, Jr., Montgomery, for appellant.

Jones, Murray, Stewart & Yarbrough, Montgomery, for appellee.

PER CURIAM.

Mrs. Pearl D. Gray, appellant here, sued Aetna Life Insurance Company, appellee here, for $5,000.00 and brings this appeal from a judgment of $3,000.00 rendered in her favor by the trial court. The cause was tried on a stipulation of facts, with appropriate exhibits, and without a jury.

The complaint consisted of two counts substantially in Code form. There was a demurrer which apparently was not ruled upon.

We think it advisable at this point to incorporate in this decision the written stipulation of facts (omitting therefrom the exhibits, portions of which will be referred to and quoted from later in this opinion) as follows:

"Come now the parties by and through their attorneys of record and stipulate that for the purposes of this case, the following facts may be considered as true:

"1. That at all times pertinent hereto there was in effect between the Defendant, Aetna Life Insurance Company and the employer of Plaintiff's decedent,

Capitol Floral Company a policy of insurance, a copy of which is attached hereto as Exhibit 'A' and made a part hereof as if fully set out herein, said policy being drafted by defendant.

"2. That Plaintiff's decedent, as a covered employee of the policyholder Capitol Floral Company was furnished with a copy of Exhibit 'B' hereto which is incorporated herein by reference and made a part hereof as if fully set out herein.

"3. That under the terms of the policy hereinabove referred to as Exhibit 'A', the maximum amount of insurance to which the Plaintiff's decedent was entitled was $3,000.00.

"4. That Donald Schmitt, an employee of the Defendant Aetna Life Insurance Company would testify, if called to do so, that through a mutual error committed by himself and an employee of the policyholder Capitol Floral Company, the Defendant's home office was informed that the Plaintiff's decedent was entitled to insurance in the amount of $5,000.00, and 'Insert A', a copy of which is attached hereto as Exhibit 'C' and made a part hereof as if fully set out herein, was issued by the Defendant to the Plaintiff's decedent.

"5. That the employee of Capitol Floral Company, referenced in Paragraph 4 above, would testify if called that the error referred to therein was not a mutual error but made by Mr. Schmitt.

"6. A premium was paid to the Defendant based upon coverage of $5,000.00 on the Plaintiff's decedent.

"7. That the Defendant Aetna Life Insurance Company has offered to pay to the Plaintiff the sum of $3,000.00, the amount to which it contends the Plaintiff is entitled, and offers to refund to the policyholder, Capitol Floral Company, all premium paid for and on behalf of the Plaintiff's decedent for insurance in excess of $3,000.00.

"8. That the Plaintiff is the owner of the certificate herein referred to as Exhibit 'C'.

"9. Plaintiff contends that Exhibit 'C' is a part of the policy referred to herein as Exhibit 'A'.

"10. It is the intention of the parties not to stipulate the ultimate issue before the Court."

As revealed by the stipulation, the policy sued upon was a group policy obtained from appellee by Capitol Floral Company for the benefit of its employees and their designated beneficiaries. It provided life insurance, and hospital and major medical insurance. The premiums were deducted from the wages of its employees and remitted periodically to the company. The master policy was issued by the insurance company on June 11, 1968, but was retroactive to February 10, 1968, which was the effective date shown on the master policy and on the certificate issued to appellant's intestate.

The conflict in this case arises from the fact that the master policy contained a table classifying the employees as to age, earnings, and length of employment, and fixing the maximum amount of life insurance available to the members of each class. According to the stipulation the maximum amount of life insurance available to the appellant's decedent was $3,000.-00; however, the certificate issued to said decedent stated that the total amount of death benefit in force was $5,000.00. So, the issue on the appeal is whether the court erred in awarding the plaintiff $3,000.00, as limited by the terms of the group policy, instead of $5,000.00 as shown in the certificate.

We find no Alabama cases directly in point, although there are some that indicate that the terms of the master policy prevail unless the terms of the certificate definitely contradict those of the master policy on a material point, so as to silence inquiry in that regard, in which event the

**260**

rule of liberal construction should be applied in favor of the certificate holder. Page v. Prudential Insurance Co. of America, 231 Ala. 405, 165 So. 388; Provident Life & Acc. Ins. Co. v. Pressley, 37 Ala. App. 153, 64 So.2d 618. We think that, but for one clause in the master policy in this case, our decision would be governed by the *Page* case, *supra,* and appellant would prevail. The third paragraph of section 3 of Article VI of the master policy, labelled *Miscellaneous Provisions,* reads as follows:

"If any relevant facts pertaining to any individual to whom the insurance relates shall be found to have been misstated, an equitable adjustment of premiums shall be made, and if such misstatement affects the existence or the *amount* of insurance, the true facts shall be used in determining whether insurance is in force under the terms of this policy and *in what amount.*" (Emphasis supplied.)

The stipulation says that a company witness, one Donald Schmitt, an employee of the defendant, would testify that through a *mutual* error committed by himself and an employee of the policyholder, Capitol Floral Company, the home office of the insurance company was informed that the insured was entitled to insurance in the amount of $5,000.00. It was further stipulated that an employee of Capitol Floral Company would testify that the error referred to was not a mutual error but one made by Mr. Schmitt. Be that as it may, the parties agree that there was an *error* that brought about this controversy, and there is no charge by the plaintiff of any fraud or bad faith on the part of the insurance company. (Emphasis supplied.)

◼ We think our conclusion in this case is given support by Mr. Justice Bouldin, writing for the Supreme Court in All States Life Ins. Co. v. Tillman, 226 Ala. 245, 146 So. 393, who said in part:

"Thus this group policy defines what shall constitute the entire contract. It wholly omits the individual certificate to the employee as a part of the contract. While it is contemplated the employee shall have such certificate as evidence of his inclusion in the coverage of the group insurance, the certificate is issued to the employer, and the rights of the employee would not be affected, if it never reaches him. This is the logical construction of the contract, and the construction given like contracts in other jurisdictions. [Citations omitted.]"

To the same point, it is said in 44 Am. Jur.2d, § 1870:

"When group insurance is effected, a group or 'master' policy is customarily issued to the employer or analogous policyholder, and certificates of participation are issued to the individual employees or participants. It is generally held that an employee's contract of insurance under the group plan consists of the policy issued by the insurer to the employer, the individual certificate delivered by the employer to the employee being no part of such contract, but only an instrument reciting the employee's right to protection under the terms of the group policy so long as there is a compliance with the conditions of the policy. . . ." (Citing All States Life Ins. Co. v. Tillman, *supra,* and cases from Louisiana, Missouri and Ohio).

◼ Inasmuch as the insurance company offered to pay the $3,000.00 due and to make refund of the overpaid premiums, no interest is due thereon.

The foregoing opinion was prepared by Honorable T. Werth Thagard, Supernumerary Judge, serving as a Judge of this Court under Section of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

WRIGHT, P. J., and BRADLEY and HOLMES, JJ., concur.