**UNITED STATES PIPE AND FOUN-DRY COMPANY, Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY CO., Defendant-Appellee.**

**No. 73-3770.**

United States Court of Appeals, Fifth Circuit.

Dec. 13, 1974.

Lyman H. Harris, Birmingham, Ala., for plaintiff-appellant.

S. R. Starnes, Ralph B. Tate, Birmingham, Ala., for defendant-appellee.

Before GODBOLD and MORGAN, Circuit Judges, BOOTLE, District Judge.

BOOTLE, District Judge:

United States Pipe and Foundry Company [hereinafter referred to as U. S. Pipe] filed suit seeking a declaration that it possessed certain rights under an insurance policy issued by United States Fidelity and Guaranty Company [hereinafter referred to as USF & G] or under a certificate of insurance issued incident to the policy. The district court, sitting without a jury, found that no rights accrued to U. S. Pipe as a result of either the policy or the certificate. We affirm.

William P. Reed leased certain land from U. S. Pipe. The lease was for a one year term commencing January 1, 1970, and would automatically be renewed from year to year until terminated pursuant to its terms. Under the lease, Reed was to procure liability insurance. USF & G issued a policy to "William P. Reed DBA Southern Packaging Company" and sent a certificate of insurance to U. S. Pipe. A printed provision on the certificate stated that USF & G "will make every effort to notify the holder of this Certificate of any material change in or cancellation of these policies, but assumes no responsibility for failure to do so." A typed provision stated: "A ten day notice will be given to the holder of this certificate, in event of cancellation." Approximately six months later, Southern Packaging was incorporated as Southern Packaging Company, Inc. The insurance policy was renewed in December 1970, and another certificate of insurance, identical to the first one, was sent to U. S. Pipe.

On April 26, 1971, USF & G notified Reed that it was cancelling the policy. No notice of cancellation was ever sent to U. S. Pipe. An explosion occurred on the leased property on July 25, 1971; there was extensive damage to surrounding property, and approximately 1100 lawsuits were filed against U. S. Pipe. On the day after the explosion, USF & G mailed a premium refund check to William P. Reed.

U. S. Pipe filed suit for declaratory judgment. The district court entered its findings of fact and conclusions of law, ruling that USF & G was in no way liable to U. S. Pipe. U. S. Pipe then appealed to this court.

■ Since U. S. Pipe was not a named beneficiary under the insurance policy, any coverage which it seeks to enjoy would have to arise from the certificate of insurance. A certificate issued to a lessor indicating that liability insurance has been acquired by the lessee does not constitute a contract between the lessor and the insurer. See McDowell v. United States Fidelity & Guaranty Co., 260 Ala. 412, 71 So.2d 64 (1954); Provident Life & Accident Insurance Co. v. Pressley, 37 Ala.App. 153, 64 So.2d 618 (1953); Skezas v. Safway Steel Products, Inc., 85 Ill.App.2d 295, 229 N.E.2d 781 (1967); Peacock & Peacock, Inc. v. Stuyvesant, 332 F.2d 499 (8th Cir. 1964). The certificate simply provides a method whereby a lessee can show that he has complied with a lease provision requiring that insurance be obtained by the lessee.

■ The provision regarding notification in the event of cancellation is a mere promise, unsupported by any consideration. Although forbearance can

be a consideration, the district court found no such forbearance and found further that the provision with respect to a ten day notice was not supported by "any consideration in the legal sense by way of either detriment to U. S. Pipe nor an advantage to USF & G." U. S. Pipe has not shown these findings to be clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure. Because of the determination that there was no consideration to support any promises made in the certificate, we pretermit discussion of the effect of the typed upon the printed provision, specifically whether the typed provision had any effect upon the printed language "but assumes no responsibility for failure to do so" [*i. e.,* to give notice of cancellation].

■■■■ U. S. Pipe urges that it was a third-party beneficiary under the insurance policy. Under Alabama law, which is controlling under Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), for a contract to be considered made for the benefit of a third person "the contract must have been intended for the direct benefit of the third person, as distinguished from a mere incidental benefit to him." Anderson v. Howard Hall Co., 278 Ala. 491, 493, 179 So.2d 71, 73 (1965). There is no evidence in this case to indicate that the insurance policy between Reed and USF & G was intended for the direct benefit of U. S. Pipe. Indeed the evidence is to the contrary. An employee of U. S. Pipe testified that the insertion of the insurance requirement in the lease was not intended to protect U. S. Pipe from liability.

U. S. Pipe seeks to analogize a certificate of insurance to a loss-payee clause, but the substantial differences outweigh any apparent similarities. A loss-payee clause is contained in the policy itself, and the interests of the loss-payee are identified in the policy. The clause itself "creates an independent agreement between the insurance company and the mortgagee for the latter's benefit." Levine v. Insurance Company of North America, 440 F.2d 679, 680 (5th Cir. 1971); *see also* United States Fire Insurance Co. v. Hecht, 231 Ala. 256, 164 So. 65 (1935). There was no provision in the insurance policy involved here referring to U. S. Pipe or giving it any rights whatsoever, and U. S. Pipe can find no solace in its attempted analogy.

Our determination that U. S. Pipe has no rights or benefits accruing to it under either the policy or the certificate makes it unnecessary for us to consider whether Reed or Southern Packaging Co., Inc. was the insured under the policy and whether the policy was properly cancelled vis à vis the insured.

The decision of the district court is affirmed.