794 P.2d 264 (1990)
BRODERICK INVESTMENT COMPANY, a Colorado limited partnership, Plaintiff-Appellant,
v.
STRAND NORDSTROM STAILEY PARKER, INC., a Colorado corporation, Defendant-Appellee.
No. 89CA0622.
Colorado Court of Appeals, Div. IV.
May 24, 1990.
*265 Holland & Hart, R. Brooke Jackson, Charles M. Johnson, Steven C. Choquette, Denver, for plaintiff-appellant.
Hall & Evans, Alan Epstein, Denver, for defendant-appellee.
Opinion by Judge RULAND.
Plaintiff, Broderick Investment Company (BIC), appeals from the summary judgment entered in favor of defendant, Strand Nordstrom Stailey Parker, Inc. (Strand). We affirm.
Strand was an independent insurance agency engaged to secure insurance for Ponderosa Timber Company. In 1984, BIC and Ponderosa entered into a contract for the purchase and removal of certain equipment from BIC's wood treatment plant.
Pursuant to the contract, Ponderosa was obligated to provide and maintain comprehensive general liability insurance in the amount of $1,000,000 during the disassembly, removal, and transportation of the equipment. The contract also required Ponderosa to furnish a certificate of insurance to BIC prior to commencement of the removal work.
At the request of Ponderosa, Strand submitted a certificate to BIC to verify the liability insurance coverage under a policy issued by Aetna Insurance Company. However the certificate also contained three clauses now at issue. First, it stated:
"this certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below."
A second clause stated:
"This is to certify that policies of insurance listed below have been issued to the insured named above for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to *266 all the terms, exclusions, and conditions of such policies."
Third, the certificate stated:
"Should any of the above described policies be canceled before the expiration date thereof, the issuing company will endeavor to mail ten days written notice to the certificate holder ... but failure to mail such notice shall impose no obligation or liability of any kind upon the company, its agents or representatives."
Approximately 90 days after the certificate was issued, Ponderosa consulted with Strand regarding a possible savings on insurance premiums. By agreement between Ponderosa and Strand, the coverage under the liability policy was ultimately reduced from $1,000,000 to $50,000. However, BIC was not notified of this change.
Thereafter, an employee of Ponderosa accidentally started a fire on BIC's property. BIC alleges that the damages which resulted far exceed the reduced insurance coverage of $50,000.
BIC brought suit against Ponderosa, Aetna, and Strand. BIC obtained a judgment against Ponderosa and reached a settlement on its claim against Aetna.
BIC sought recovery from Strand under theories of negligence, negligent misrepresentation, and promissory estoppel. Deposition testimony obtained during discovery tended to indicate that Strand knew or should have known about Ponderosa's contract with BIC and that BIC would rely upon the certificate. However, the record does not indicate any knowledge by Strand that performance under the contract had not been completed by the date the coverage was reduced.
The trial court granted summary judgment in favor of Strand, concluding that Strand had no duty, based on the certificate, to notify BIC of the reduction in coverage and that the undisputed facts failed to support recovery under the promissory estoppel doctrine.

I.
BIC asserts that the certificate contains a promissory representation by Strand as to the amount of insurance in force and that there is a material issue of disputed fact as to whether Strand knew that BIC would justifiably rely on the representation in the certificate. Because Strand failed to notify BIC of the reduction in coverage, BIC argues that Strand is bound by the representation in the certificate and that, therefore, summary judgment was inappropriate as to its promissory estoppel claim. We conclude that the trial court's ruling was correct.
We concur with other appellate decisions which have considered the legal effect of similar provisions contained in the certificate at issue here. These provisions have been construed as limiting the certificate to an informational document only which is subject to the terms of the policy. See Taylor v. Kinsella, 742 F.2d 709 (2nd Cir. 1984). And, the certificate has been interpreted as not creating any type of contractual relationship for the benefit of the certificate holder. See United States Pipe & Foundry Co. v. United States Fidelity & Guaranty Co., 505 F.2d 88 (5th Cir.1974).
Any "promissory representation" contained in the certificate as to the amount of insurance in force has express limitations. First, the certificate verifies the amount of coverage to BIC only for the date the instrument was issued. Second, the certificate advised BIC that, notwithstanding any contract between BIC and Ponderosa, the amount of coverage was subject to the terms of the policy.
It is not disputed that Ponderosa had the right under the terms of the policy to reduce the amount of coverage. And, the certificate does not contain any representation by Strand that BIC will be notified if Ponderosa exercises its right to modify the amount of coverage. Under these circumstances, we find no basis for application of the promissory estoppel doctrine. See Kiely v. St. Germain, 670 P.2d 764 (Colo. 1983).

II.
BIC next contends that the trial court erred in dismissing its claim for negligent *267 misrepresentation. Relying upon cases such as Fischer v. Kletz, 266 F.Supp. 180 (S.D. N.Y.1967), BIC argues that this negligence theory should be applied here so as to impose a duty on Strand to notify BIC of material changes in the information furnished once Strand is aware that its former certification is no longer accurate. We decline to impose such a duty.
In cases such as First National Bank v. Collins, 44 Colo. App. 228, 616 P.2d 154 (1980), liability for the tort of negligent misrepresentation has been applied based upon Restatement (Second) of Torts § 552 (1976) as follows:
"One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."
Even if we assume that Strand has a "pecuniary interest" in the transaction here sufficient to impose liability under this theory, for the reasons stated in Part I of this opinion, we are unable to conclude that Strand supplied any false information to BIC.

III.
BIC finally contends that the trial court erred in dismissing its negligence claim. BIC asserts that there was a genuine issue of material fact as to whether Strand assumed a duty to advise BIC of any material changes in the insurance coverage described in the certificate. This contention also lacks merit.
Generally, an assumed duty is predicated upon an assurance from one party to the other that the first party will voluntarily undertake some responsibility to protect the interest of the other. See Lester v. Marshall, 143 Colo. 189, 352 P.2d 786 (1960). The existence and scope of that duty is normally a question of law to be determined by the court. Jefferson County School District R-1 v. Justus, 725 P.2d 767 (Colo.1986).
Given the express limitations in the certificate by Strand as to the future accuracy of the information contained in that instrument, we hold that Strand assumed no duty to inform BIC of changes in the certificate unless BIC can show a factual issue concerning whether BIC communicated to Strand a request to be told of any material change in the information contained in the certificate. There is no basis in the record before us to conclude that such an issue of fact was presented for resolution. Accordingly, the trial court did not err in dismissing this claim.
The judgment is affirmed.
TURSI and REED, JJ., concur.