Rockingham
No. 91-084

BRADLEY REAL ESTATE TRUST<br>
BY AND THROUGH LUMBERMENS MUTUAL CASUALTY COMPANY

v.

PLUMMER & ROWE INSURANCE AGENCY, INC. & a.

July 15, 1992

*David J. Woodbury*, of Bedford, by brief and orally, for the plaintiff.

*Yakovakis, McDonough & Lindh*, of Manchester (*James G. Walker* on the brief and orally), for the defendant, Plummer & Rowe Insurance Agency, Inc.

BATCHELDER, J.   The plaintiff, Bradley Real Estate Trust by and through Lumbermens Mutual Casualty Company, brought suit for indemnification based on a certificate of insurance issued to a third party. The Superior Court (*Gray*, J.) granted a motion to dismiss

filed by defendant, Plummer & Rowe Insurance Agency, Inc., on the grounds that the plaintiff lacked standing to sue, and because the certificate imposed no duty on the part of the insurance company to notify the plaintiff's agent of the policy's cancellation. We affirm.

The facts are not in dispute. Bradley Real Estate Trust (Bradley Trust) owns the Hood Plaza in Derry. Bradley Trust's property manager is JWM Properties of Salem. Bradley Trust carries workers' compensation insurance with Lumbermens Mutual Casualty Company (Lumbermens). Bradley Trust entered into a construction contract with Fred Cross d/b/a Cross Contracting (Cross Contracting) of Manchester. Cross Contracting held workers' compensation insurance with Employers Mutual Liability Insurance Company (Employers Mutual), which insurance had been purchased through the Plummer & Rowe Insurance Agency (Plummer & Rowe) of Methuen, Massachusetts. Thomas Skalla, an employee of Cross Contracting, was injured while working on Bradley Trust's property.

Pursuant to the contract between Bradley Trust and Cross Contracting, Plummer & Rowe issued certificates of insurance to JWM Properties, which purported to inform JWM Properties that Cross Contracting had purchased adequate insurance from Employers Mutual. The certificates contain three relevant clauses. The first:

> "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW."

The second:

> "NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS, AND CONDITIONS OF SUCH POLICIES."

The third:

> "SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING COMPANY WILL ENDEAVOR TO MAIL 30 DAYS WRITTEN NOTICE TO

[JWM Properties], BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE COMPANY, ITS AGENTS OR REPRESENTATIVES."

The certificates informed JWM Properties that Cross Contracting's workers' compensation coverage was effective from June 21, 1989 to June 21, 1990. However, on December 6, 1989, Employers Mutual cancelled the insurance due to Cross Contracting's failure to pay the premiums. Skalla injured his eye on December 15, 1989, shortly after the policy was cancelled.

Skalla initially sought workers' compensation from his employer, Cross Contracting, but upon discovering that Cross Contracting was insolvent, outside the jurisdiction, and without coverage, he sought and received workers' compensation from Bradley Trust under RSA 281-A:18 (Supp. 1991). Bradley Trust, by and through its carrier Lumbermens, then sued Plummer & Rowe for indemnification on the theory that the certificate of insurance provided to JWM Properties was a contract which Plummer & Rowe breached, or upon which Bradley Trust was entitled to rely. The Superior Court granted Plummer & Rowe's motion to dismiss the action on two grounds, both of which are on appeal.

First, the court found that Bradley Trust could not maintain an indemnification action against Plummer & Rowe because any promise contained in the certificate was made to JWM Properties and not to Bradley Trust. Therefore, the court reasoned, JWM Properties, who is not a party to the case, would be the proper plaintiff. The question turns on whether JWM Properties was Bradley Trust's agent, thereby allowing Bradley Trust to exercise JWM Properties' rights against Plummer & Rowe.

Our law on this issue is well settled, for "[i]t does not appear to be material whether the plaintiff, or his brother, the undisclosed principal and plaintiff in interest, is plaintiff of record." *Boudreau v. Eastman*, 59 N.H. 467, 467 (1879). The Restatement (Second) of Agency expounds a similar approach.

"The other party to a contract made by an agent for a disclosed or partially disclosed principal, acting within his authority, apparent authority or other agency power, is liable to the principal as if he had contracted directly with the

principal, unless the principal is excluded as a party by the form or terms of the contract."

RESTATEMENT (SECOND) OF AGENCY § 292 (1957).

"A person who makes a contract with an agent of an undisclosed principal, intended by the agent to be on account of his principal and within the power of such agent to bind his principal, is liable to the principal as if the principal himself had made the contract with him, unless he is excluded by the form or terms of the contract, unless his existence is fraudulently concealed or unless there is setoff or a similar defense against the agent."

*Id.* § 302.

We hold that if sufficient facts exist for the court to find an agency relationship, Bradley Trust may maintain the suit for indemnification against Plummer & Rowe.

■ The second issue on appeal is whether the certificate of insurance created a duty to inform JWM Properties of the cancellation of the insurance policy. The trial court found that it did not because of the three clauses contained in the certificate, which are set forth above. On appeal, the plaintiff argues that based on contract, estoppel, and third party beneficiary theories, the certificate bound Plummer & Rowe to notify JWM Properties of the cancellation of the policy. All three theories, however, are grounded in a duty created by the certificate. Upon inspecting the certificate, we find that the disclaimers of liability it contains are clear. *Broderick Inv. v. Strand Nordstrom et al.*, 794 P.2d 264, 266 (Colo. App. 1990) (construing certificate of insurance with same provisions as informational document only that does not create contractual relationship for benefit of certificate holder). In effect, the certificate is a worthless document; it does no more than certify that insurance existed on the day the certificate was issued. We leave it to the legislature or to the future bargaining of parties to rectify inequities in the notification process.

*Affirmed.*

All concurred.