Tatko v. Engel, et al.                    CV-94-95-B     09/13/94

UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Paula M. Tatko

     v.                                   Civil No. 94-95-B

Engel, Gearreald & Gardner,
P.A., et. al.


                          **O R D E R**


     An abuse of process claim requires a plaintiff to show that
legal process was used "to accomplish a purpose for which it was
not designed." Clipper Affiliates, Inc. v. Checovich, 138 N.H.
271, 276, 638 A.2d 791, 795 (1994). Paula Tatko contends that
Attorneys David Engel and Mark Gearreald and their law firm are
liable for abuse of process because they improperly filed an ex
parte attachment petition against Tatko in state court to create
a conflict of interest that would force their withdrawal as her
counsel in other litigation. The issue presented by defendants'
motion to dismiss is whether Tatko sufficiently alleges that
defendants' abuse of process was motivated by an improper
purpose. For the reasons that follow, I conclude that she has
not. Thus, I grant defendants' motion to dismiss.


                              1

## I. <u>DISCUSSION</u>

The New Hampshire Supreme Court defined the abuse of process tort in two recent decisions. In <u>Long v. Long</u>, the court adopted the Restatement (Second) of Tort's definition of abuse of process. 136 N.H. 25, 29, 611 A.2d 620, 623 (1992). Thus, the court held that an abuse of process claim must allege that "(1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designated and (5) caused harm to the party (6) by the abuse of process." <u>Id.</u> at 29.

The court further clarified the tort's improper purpose element in <u>Clipper Affiliates</u>, 138 N.H. at 276-77 (1994). There, quoting from Prosser and Keeton's well known treatise, the court observed:

> The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or formal use of the process itself which constitutes the tort.

Clipper Affiliates, Inc., 138 N.H. at 276-77 (quoting Prosser and Keeton on The Law of Torts 898 (5th ed. 1984)). The court further noted that "absent some form of compulsory process forcing the performance or forbearance of some prescribed act, an abuse of process claim fails." Id. at 277 (internal quotations and citations omitted). Ulterior intentions alone will not give rise to liability for abuse of process. Id. Applying this standard, the court concluded that the abuse of process claim at issue was deficient because it alleged only that legal process was used to retaliate against and harass the plaintiff. Id.

After Clipper Affiliates, only certain types of improper purpose allegations will support an abuse of process claim. A purpose to retaliate or harass will not suffice. Id. Instead, process must be used to improperly coerce a particular result. Tatko contends that her claim survives because it alleges that defendants filed the attachment petition to create a conflict of interest that would allow defendants to withdraw as her counsel. However, since she does not allege that defendants filed the petition to coerce her into taking or forebearing from taking some action, her claim cannot survive.

3

### III. <u>CONCLUSION</u>

Defendant's motion to dismiss (document no. 8) is granted.


SO ORDERED.


_____
Paul Barbadoro
United States District Judge

September 13, 1994

cc:  Randall Wilbert, Esq.
     Richard Nelson, Esq.