St. Louis v. Eldredge, et al.          CV-95-178-B    09/11/97

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


**Vincent St. Louis**

    **v.**                                              Civil No. 95-178-B

**Carleton Eldredge, et al.**


**MEMORANDUM AND ORDER**

Vincent St. Louis seeks clarification and/or reconsideration of a prior order addressing his federal claims against Rockingham County.  Rockingham County does not object to the motion for clarification, but moves for summary judgment to the extent that the federal claims against it have not already been addressed. The county also moves for summary judgment on St. Louis's state law claims of malicious prosecution, abuse of process, and negligence asserted against it and the individual county defendants:  Carlton Eldredge, the former Rockingham County Attorney; William Hart, the current Rockingham County Attorney; and Robert Ducharme, an Assistant Rockingham County Attorney.[1]

---

[1]  St. Louis also alleged other federal claims and state law torts against the City of Portsmouth, Rockingham County, and various city and county officials.  These claims were dismissed by my order of January 26, 1996 and my concurrent orders of March 31, 1997.  Those orders contain the factual background for St. Louis's action.

# I.   COUNT VII — SUPERVISORY LIABILITY

St. Louis's complaint contains two counts naming Rockingham County as a liable defendant.  Count VII, captioned "Supervisory Liability," alleges that the county is liable for failing to properly supervise and train the individual county defendants.  Count VIII, captioned "Municipal Liability" alleges that the county is liable for the unconstitutional actions of its employees because those actions were undertaken pursuant to the "customs, policies, and practices of Rockingham County."  On January 26, 1996, I dismissed all of St. Louis's federal claims except for "his First Amendment claim against Rockingham County."[2]  On March 31, 1997, I granted summary judgment with respect to St. Louis's remaining federal claims against the county.  However, in the body of that order, I expressly addressed only St. Louis's claim in Count VIII that the county was liable because of the county attorney's alleged policy decisions to initiate and/or permit a baseless prosecution against St. Louis.  I did not address Count VII because St. Louis did not assert a separate failure to train and/or supervise

---

[2]  I did not expressly address which counts in the complaint remained viable, but it was my intention to leave undisturbed both Count VII and Count VIII.

argument in response to the county's motion for summary judgment.

St. Louis now asks that I clarify the disposition of Count VII. Even though St. Louis did not timely assert his failure to train and/or supervise argument in response to the county's motion for summary judgment, I grant his motion and address the merits of his contention.[3] However, to the extent that St. Louis argues that this count is viable against the individual county defendants, he is mistaken, for Count VII names only Rockingham County as a defendant. Thus, I decline to address the merits of this argument.

St. Louis alleges that his First Amendment rights were violated because Rockingham County failed to supervise and train the prosecutors in the Rockingham County Attorney's office, allowing them to unconstitutionally prosecute St. Louis for obscenity. An inadequate training or supervision claim can be the basis for § 1983 liability only in "limited circumstances." Swain v. Spinney, 117 F.3d 1, 11 (1st Cir. 1997) (quoting Board of the County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997)). To maintain his claim, St. Louis must demonstrate that conduct

_____

[3] To some degree, Counts VII and VIII overlap. To the extent that St. Louis has claimed in Count VII that the county is liable for failing to properly supervise the decision to initiate the obscenity prosecution, his claim fails for the reasons set forth in the March 31, 1997 order.

properly attributable to Rockingham County was the "moving force" behind his alleged injury.  Id.  Furthermore, the inadequacy of training or supervision may serve as the basis for liability only upon a showing that the failure amounted to a "deliberate indifference" to individuals' rights.  Brown, 117 S. Ct. at 1390; City of Canton v. Harris, 489 U.S. 378, 388 (1989).

"Deliberate indifference" may be established by showing that a municipality adhered to a training program in the face of a continuing series of constitutional violations.  Swain, 117 F.3d at 11 (citing Brown, 117 S. Ct. at 1390).  Also, "[t]he Supreme Court has left open the possibility that a failure-to-train claim can succeed without showing a pattern of constitutional violations.  '[I]n a narrow range of circumstances, a violation of federal rights may be a highly predictable consequence of a failure to equip [municipal employees] with specific tools to handle recurring situations . . . .'"  Id. (quoting Brown, 117 S. Ct. at 1391).

St. Louis does not dispute that his prosecution for obscenity was the first in many years in Rockingham County. Moreover, St. Louis has failed to present any evidence that would permit a reasonable jury to find that Eldredge acted with

4

deliberate indifference based on a known pattern of constitutional violations.  Nor does this case fall within the narrow class of cases where liability may exist in the absence of a pattern of constitutional violations.  Accordingly, based on the record before me, no rational juror could conclude that Eldredge's training of his assistant prosecutors was so deficient as to lead "inexorably to a constitutional violation."  Seekamp v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997) (quoting Hegarty v. Somerset County, 53 F.3d 1367, 1380 (1st Cir.), cert. denied, 116 S. Ct. 675 (1995)); see Affidavit of Robert E. Ducharme in Support of Motion for Summary Judgment Regarding Counts V, VI, VII and XII (doc. no. 59); Supplemental Affidavit of Robert E. Ducharme (attached to doc. no. 41); Prosecutorial Guidelines for Investigation and Enforcement of Obscenity Statutes (attached to doc. no. 41).  For these reasons, to the extent that I have not already done so, I grant the county's motion for summary judgment with respect to St. Louis's § 1983 supervisory liability count (Count VII).[4]

---

[4]  If St. Louis also seeks damages under Count VII for an alleged violation of the New Hampshire Constitution, this state law claim is also doomed to failure.  Rockhouse Mtn. Property Owners Assoc. v. Town of Conway, 127 N.H. 593, 597-602 (1986) (no right to money damages for alleged deprivation of equal protection and due process under New Hampshire Constitution); Penney v. Middleton, Civ. No. 92-555-B, slip op. at 20 (D.N.H.

## II.    STATE LAW CLAIMS[5]

The individual county defendants, Eldredge, Hart, and Ducharme, assert that they are entitled to summary judgment on St. Louis's malicious prosecution, abuse of process, and negligence claims based on the doctrine of prosecutorial immunity. New Hampshire law affords absolute immunity to prosecutors whose actions are "functionally related to the initiation of criminal process or to the prosecution of criminal charges." Belcher v. Paine, 136 N.H. 137, 147 (1992). This immunity stems from the prosecutor's exercise of judicial functions in his role as an advocate. Id. at 146-47. Although Belcher dealt with malicious prosecution rather than abuse of process, its straightforward holding clearly extends prosecutorial immunity

---

Nov. 21, 1994) (following Rockhouse); see also, Kelley v. City of Manchester, Civ. No. 94-358-M, slip op. at 27-28 (D.N.H. Sept. 29, 1995) (deciding Rockhouse foreclosed monetary awards for violations of other provisions of the New Hampshire Constitution); Kimball v. City of Somersworth, Civ. No. 90-477-M, slip op. at 6-9 (D.N.H. Feb. 17, 1993) (same); Legrand v. City of Dover, Civ. No. 90-579-L, slip op. at 14 (D.N.H. Oct. 8, 1992) (same).

[5] I reject St. Louis's claim that the county's motion for summary judgment on the state law claims should be denied on the ground that it is untimely. No point would be served in requiring the parties to proceed to trial only to have me enter judgment as a matter of law for reasons that are properly presented in a motion for summary judgment.

to abuse of process claims which are related to the initiation of criminal process.  Id.  Belcher also extends prosecutorial immunity to negligent conduct:

> In the present case, the plaintiffs assert that the defendant acted negligently or recklessly in his investigation of the underlying allegations of sexual abuse.  As a result, the plaintiffs state that they were wrongfully charged with the felonious sexual assault of [the victim] "causing them to incur substantial legal bills to defend themselves, and that they were caused to suffer great mental anguish and emotional harm, lost wages and business income, great and permanent injury to their reputations, and great and permanent injury to their earning capacities. . . ."
>
> The injuries alleged all flow from the initiation of criminal proceedings against the plaintiffs following the grand jury's return of an indictment. There is no allegation that the plaintiffs were harmed by the defendant's investigation, as such.  Each element of damages set forth in the writ is a direct result of the defendant's decision to initiate criminal proceedings by seeking an indictment. . . .  The decision to indict, even when based on an incomplete investigation, is clearly within the scope of absolute immunity. . . . We hold that the defendant was entitled to absolute immunity for his actions at issue in the negligence count of this case, and therefore that the plaintiffs have failed to state a cause of action.

Id. at 147-48.  St. Louis's negligence count is based on the same type of conduct and injuries at issue in Belcher.  Therefore, I

7

dismiss St. Louis's malicious prosecution, abuse of process, and negligence claims against defendants Eldredge, Hart, and Ducharme.

St. Louis's state law claims against Rockingham County, based on respondeat superior liability, are similarly barred by municipal immunity.  See, e.g., Goss v. City of Manchester, 140 N.H. 449, 451 (1995) (municipality immune from police and prosecutor's discretionary decision not to notify parole officer of parolee's arrest); Bergeron v. City of Manchester, 140 N.H. 417, 421 (1995) ("Government entities are immune from liability for conduct that involves the exercise of a legislative or judicial function . . ."); Gardner v. City of Concord, 137 N.H. 253, 256 (1993) ("The existence of municipal immunity for discretionary functions is fundamental to our system of separation of powers.").  Therefore, I dismiss St. Louis's state law claims against Rockingham County.

## III.  CONCLUSION

For the forgoing reasons, I grant in part St. Louis's motion for clarification and reconsideration (document no. 55).  I also grant defendants' motion for summary judgment as to Counts V, VI,

VII, and XII (document no. 58).  Having dismissed all of St. Louis's claims against the remaining defendants, I instruct the clerk to enter judgment for the defendants in accordance with this order and my orders of January 26, 1996 and March 31, 1997.

SO ORDERED.

_____
Paul Barbadoro
United States District Court

September 11, 1997

cc:  Brian T. Stern, Esq.
     Donald E. Gardner, Esq.